**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| PAMELA STELLA, individually and on behalf of all others similarly situated, : : Plaintiff, : v. : : LVMH PERFUMES AND COSMETICS USA INC., a New York Corporation, : Defendant. : | *07 CV 6509* **CLASS ACTION COMPLAINT** **JURY TRIAL DEMANDED** |

## REPORT OF PARTIES' PLANNING MEETING

1. **Meeting.** Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on January 24, 2008, at the offices of Barack Ferrazzano Kirschbaum & Nagelberg LLP, which are located at 200 W. Madison Street, Chicago, Illinois. The meeting was attended by Sharon Harris of Barnow and Associates, P.C. and Aron D. Robinson of The Law Office of Aron D. Robinson, co-counsel for Plaintiff Pamela Stella ("Plaintiff"), and Rachael M. Trummel of Barack Ferrazzano Kirschbaum & Nagelberg LLP, counsel for Defendant LVMH Perfumes and Cosmetics USA, Inc. ("Defendant").

2. **Pre-trial Schedule.** The parties jointly propose the following discovery plan, subject to the areas of disagreement noted below.

   Defendant objects to the setting of a discovery schedule at this stage of the litigation on the following grounds: (1) Defendant has filed a motion to stay this action based on the doctrine of primary jurisdiction which, if granted, will obviate the need for any discovery in this action; (2) if this action proceeds, Defendant intends to file a motion to dismiss which, if granted, will obviate the need for any discovery in this action; and (3) several copycat lawsuits against Defendant and others have been filed in various courts around the country, including two such cases in this District: *Quinn v. LVMH Perfumes and Cosmetics USA, Inc.*, No. 08-C-138 (Grady, J.), and *Don's Frye v. L'Oreal SA, France*, No. 08-C-213 (Gettleman, J.). Defendant believes that motions for transfer and/or consolidation before this Court (or the JPMDL) on relatedness grounds may follow. For these reasons, Defendant respectfully submits that setting a discovery schedule or otherwise engaging in discovery at this stage is premature and potentially wasteful.

   Plaintiff will oppose Defendant's motion to stay and any motion to dismiss. Counsel for the parties have conferred regarding the briefing schedule on Defendant's motion to stay and jointly propose the following:

>Plaintiff shall have **28** days (or until **March 6, 2008**) to file its response to Defendant's motion to stay;
>
>Defendant shall have **14** days (or until **March 20, 2008**) to file a reply in support of its motion to stay.

Plaintiff does not agree with Defendant that discovery should be stayed during the pendency of Defendant's motions (*e.g.,* its pending motion to stay or any future motion to dismiss) on the following grounds: (1) discovery will proceed on these cases and there is no reason to delay it, (2) all of the cases mentioned are in Chicago and discovery can easily be coordinated in the event the cases are not consolidated, and (3) this action is the first-filed and any local consolidation will likely occur before this court.

a. **Scope of Discovery.** Plaintiff submits that discovery will be needed on (but may not be limited to) the following subjects:

>(1) the formulation of the concerned lipstick products;
>
>(2) the source of the ingredients contained in the concerned lipstick products;
>
>(3) Defendant's testing protocol for the concerned lipstick products;
>
>(4) Defendant's research and development of the concerned lipstick products; and
>
>(5) Defendant's inspection practices and quality control measures.

Subject to its foregoing objections, Defendant does not believe that all of the foregoing topics are appropriate areas of discovery, but acknowledges that limited discovery on some of these topics may be appropriate once the parties have determined, after the filing of an Answer (if any), what factual matters are genuinely at issue. Defendant reserves its right to make timely objections to any discovery propounded in the course of the litigation.

Defendant further states that, if and when discovery becomes appropriate, it will include (but may not be limited to) discovery of the following subject areas:

>(1) Plaintiff's background (*e.g.*, education, residence, employment), including environmental exposure to lead;
>
>(2) Plaintiff's health and medical records;
>
>(3) Plaintiff's use and purchases of lipsticks and other cosmetic products, including, but not limited to, Defendant's products;

  (4) Plaintiff's knowledge or awareness of environmental lead and lead in various consumer products; and

  (5) Regulatory status and health effects (if any) of complained-of lipstick products.

Plaintiff does not concede that the subject areas for discovery identified by Defendant are all appropriate and she reserves her right to object.

b. **Fed. R. Civ. P. 26(a) Disclosures.**  Plaintiff suggests that the parties' Rule 26(a)(1) disclosures be made by **February 14, 2008**.  Plaintiff further submits that all discovery must be commenced in time to be completed by **March 15, 2009**.

As noted above, Defendant believes that discovery at this time is premature and that the parties' Rule 26(a)(1) disclosures should be stayed pending resolution of Defendant's motion to stay and/or any forthcoming motion to dismiss.  Subject to and without waiving its objections, Defendant agrees in principle with Plaintiff that, once initiated, discovery should proceed as expeditiously as possible.  Accordingly, Defendant proposes that, in the absence of a stay, the parties make their Rule 26(a)(1) disclosures by **March 1, 2008**.

c. **Depositions.**  Plaintiff estimates that the parties will need **10-15** depositions combined.

Defendant believes that this lawsuit, if allowed to proceed, should entail **fewer than 10** depositions.

d. **Expert Discovery.**  The parties' respective positions regarding expert discovery dates are set forth below.  Please note that the dates proposed by Defendant are primarily for illustrative purposes in light of Defendant's position that this lawsuit should be stayed and that any discovery is therefore premature.

| Plaintiff's Proposed Schedule: | Defendant's Proposed Schedule:* |
|---|---|
| Disclosure of Plaintiff's Expert Report:  **Nov. 20, 2008** | Disclosure of Plaintiff's Expert Report: **Nov. 1, 2008** |
| Disclosure of Defendant's Expert Report:  **Nov. 20, 2008** | Disclosure of Defendant's Expert Report:  **Dec. 15, 2008** |
| Expert depositions completed by: **Dec. 30, 2008** | Deposition of Plaintiff's Expert by: **Dec. 1, 2008** |
|  | Deposition of Defendant's Expert by: **Jan. 15, 2009** |

3

    Rebuttal expert reports (if any) by:    Rebuttal expert reports (if any) by:
    **Feb. 1, 2009**              **Feb. 1, 2009**

    Rebuttal expert depositions (if any)    Rebuttal expert depositions (if any)
    completed by: **March 3, 2009**      completed by: **March 3, 2009**

 **\*** Defendant's proposed expert discovery schedule assumes a fact discovery cut-off date of **October 1, 2008**.

 e. **Dispositive Motions.** Plaintiff suggests that all potentially dispositive motions should be filed by **April 15, 2009**.

   Subject to and without waiving its objection that discovery is premature, absent a stay, Defendant proposes that all potentially dispositive motions be filed (if at all) by **April 15, 2009**.

 f. **Final pretrial order.** Plaintiff proposes that it will prepare and submit proposed draft to Defendant by **April 10, 2009**; parties to file joint pretrial order by **April 17, 2009**.

   Subject to its foregoing objections, absent a stay, Defendant proposes that Plaintiff submit a proposed Final Pre-Trial Order to Defendant for review and comment by **April 15, 2009**; Parties to submit joint Final Pre-Trial Order to the Court by **May 1, 2009**.

 g. **Trial Schedule.** Plaintiff proposes that the case will be ready for trial by **May 1, 2009**, and at this time is expected to take approximately **14** days.

   Subject to its foregoing objections, absent a stay, Defendant submits that this case will be ready for trial (if at all) by **May 15, 2009**. Defendant expects the trial to take **10-14** days.

3. **Settlement.** At least 14 days prior to the Rule 16(b) scheduling conference, Plaintiff is directed to make a written settlement demand to Defendant. At least 7 days prior to the scheduling conference, Defendant is to respond in writing to Plaintiff's settlement demand.

Defendant notes that, as of the date of this Report, Plaintiff has made no settlement demand, written or otherwise.

4. **Consent.** The parties do not consent unanimously to proceed before a Magistrate Judge.

4

Date:   February 4, 2008

    Pamela Stella, individually and on behalf of all others similarly situated,


By:  s/ Ben Barnow
      One of Her Attorneys

*Attorneys for Plaintiff:*

Ben Barnow
Sharon Harris
Erich Schork
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

Kevin Rogers
Law Offices of Kevin Rogers
307 N. Michigan Avenue, Suite 305
Chicago, IL  60601
Telephone: (312) 332-1188
Facsimile: (312) 332-0192

Aron D. Robinson
The Law Office of Aron D. Robinson
19 S. LaSalle Street, Suite 1300
Chicago, IL 60603
Telephone: (312) 857-9050
Facsimile: (312) 857-9054

*Of Counsel for Plaintiff:*

Lance A. Harke, P.A.
Sarah Clasby Engel, P.A.
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

5

**LVMH PERFUMES AND COSMETICS USA, INC.**


By: _s/ Robert E. Shapiro_____
   One of Its Attorneys

*Counsel for Defendant:*

Robert E. Shapiro (ARDC No. 03125180)
Rachael M. Trummel (ARDC No. 6274278)
BARACK FERRAZANO KIRSCHBAUM & NAGELBERG LLP
200 W. Madison Street, Suite 3900
Chicago, Illinois 60606
Ph: (312) 984-3100
Fax: (312) 984-3150
Email: rob.shapiro@bfkn.com
Email: rachael.trummel@bfkn.com