UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PAMELA STELLA, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) ) LVMH PERFUMES AND COSMETICS ) USA, INC., a New York corporation, ) ) Defendant. ) | No. 07-CV-6509<br><br>Hon. Elaine E. Bucklo<br>Magistrate Judge Arlander Keys |

**DEFENDANT LVMH PERFUMES AND COSMETICS, INC.'S
MOTION TO DISMISS**

Defendant LVMH Perfumes and Cosmetics, Inc. ("LVMH"), hereby moves this Court to enter an order dismissing the complaint in this action in its entirety. LVMH is contemporaneously filing with the Court a motion for leave to file, *instanter*, its supporting memorandum of law in excess of 15 pages. In support of this motion, LVMH states as follows:

1.   In her seven-count nationwide putative class action complaint, plaintiff contends that LVMH has violated a host of state and federal laws by allegedly manufacturing, marketing, and/or selling a lipstick product containing undisclosed trace levels of lead.

2.   The complaint was inspired by an alarmist report issued by a consumer advocacy group calling itself the Campaign for Safe Cosmetics ("CSC") in October 2007. The CSC states in its report that certain lipsticks contain trace amounts of lead of more than 0.1 ppm. According to the CSC, the 0.1 ppm threshold is significant because the FDA has issued a guideline limiting the lead content of candy intended for ingestion by children to 0.1 ppm.

3.   Ignoring the fact that the U.S. Food & Drug Administration ("FDA") has flatly rejected any comparison of its recommended guideline for lead in candy to lipstick, the plaintiff

claims in her complaint that the FDA's 0.1 ppm standard for lead in candy is, in fact, "the accepted level of lead for products that are ingested." No doubt recognizing that any legitimate analysis of the lead exposure from candy and the lead exposure from lipstick demonstrates that the lead exposure from lipstick is truly miniscule by comparison, plaintiff also contends that there is no safe level of lead. Thus, plaintiff argues that the trace amounts of lead allegedly detected in the lipstick in this case render the lipstick *per se* dangerous and defective.

4.    Notably, however, plaintiff does not actually assert any personal injury claims or claim to have suffered any actual injury. Rather, she seeks purely economic damages on a variety of faulty theories, including consumer fraud, breach of implied warranty, strict liability, negligence *per se*, and unjust enrichment.

5.    Not only is the entire complaint based on the kind of speculative assertions and unsupported conclusions rejected by the U.S. Supreme Court in *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007), it is also fundamentally irrational. Furthermore, as set forth below and in LVMH's supporting memorandum of law, the complaint suffers from a variety of claim-specific defects.

6.    Plaintiff's claim under the Illinois Consumer Fraud Act in Count I should be dismissed because plaintiff fails to plead four of the five required elements with the specificity required by Fed.R.Civ.P. 9(b) or required by *Twombly*. This lack of specificity, particularly when viewed in light of a regulatory scheme that directly refutes plaintiff's core theory of liability (i.e., that trace amounts of lead are harmful and thus trigger disclosure obligations), is fatal to her ICFA claim.

7.    Plaintiff's implied warranty claims in Count II (Illinois Uniform Commercial Code ("U.C.C.")) and Count III (Magnuson Moss Act, 15 U.S.C. § 2301 *et seq*.) are similarly

defective. In addition to failing to adequately plead any breach or injury (essential elements of an implied warranty claim), plaintiff does not allege that she gave the required notice to LVMH or that she was in vertical privity with LVMH. Plaintiff's implied warranty claim under the Magnuson Moss Act also fails for lack of standing.

8. Plaintiff's common law strict liability and negligence *per se* claims in Counts VI and V likewise fail for lack of wrongful conduct and/or actual injury. These no-injury claims for economic damages should also be dismissed because they violate the economic loss doctrine.

9. Plaintiff's unjust enrichment claim in Count VI likewise fails because she has not alleged facts sufficient to establish any wrongful conduct by LVMH or that it was otherwise unjustly enriched.

10. Plaintiff's request for an injunction in Count VII to enjoin supposed violations of the Federal Food Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq*. ("FDC Act"), should also be dismissed because (i) an injunction is a remedy, not a stand-alone claim, and all of plaintiff's substantive claims fail, (ii) plaintiff has not alleged facts establishing that such an extraordinary remedy is necessary or appropriate, and (iii) under the plain language of the FDC Act, plaintiff does not have standing to enjoin any alleged violations of the Act.

**WHERFORE**, defendant LVMH Perfumes and Cosmetics, Inc. asks the Court to enter an order dismissing the complaint in its entirety with prejudice and awarding LVMH any further relief that the Court deems necessary and appropriate.

Date:  March 14, 2008                  Respectfully submitted,

                                                  **LVMH PERFUMES AND COSMETICS, INC.**


                                      By: <u>s/ Robert E. Shapiro</u>
                                               One of Its Attorneys

Peter J. Barack (ARDC No. 108367)
Robert E. Shapiro (ARDC No. 3125180)
Rachael M. Trummel (ARDC No. 6274278)
BARACK FERRAZZANO KIRSCHBAUM
   & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
Ph:  312.984.3100
Email:  rob.shapiro@bfkn.com
Email:  rachael.trummel@bfkn.com

Francis A. Citera (ARDC No. 6185263)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Ph: 312.856.8413
Email:  citeraf@gtlaw.com

4

## CERTIFICATE OF SERVICE

     I, Robert E. Shapiro, an attorney, hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT LVMH PERFUMES AND COSMETICS, INC.'S MOTION TO DISMISS** to be served upon the following on this date, March 14, 2008, by ECF/PACER electronic notice and by U.S. Mail as indicated:

**By ECF/PACER Electronic Notice**

Ben Barnow
Erich Paul Schork
Sharon Harris
BARNOW & ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL  60602
(312) 621-2000
Email:  b.barnow@barnowlaw.com
Email:  e.schork@barnowlaw.com
Email:  s.harris@barnowlaw.com
*ATTORNEYS TO BE NOTICED*

Aron David Robinson
LAW OFFICE OF ARON D. ROBINSON
19 South LaSalle Street, Suite 1300
Chicago, IL  60603
(312) 857-9050
Email: adroblaw@aol.com
*ATTORNEY TO BE NOTICED*

**By U.S. Mail, Proper Postage Prepaid**

Kevin Rogers
LAW OFFICES OF KEVIN ROGERS
307 North Michigan Avenue, Suite 305
Chicago, IL  60602
(312) 621-2000
*COURTESY COPY*

Lance A. Harke, P.A.
Sarah Clasby Engel, P.A.
HARKE & CLASBY LLP
155 South Miami Avenue, Suite 600
Miami, FL  33130
(305) 536-8220
*COURTESY COPY*

                                                  s/ Robert E. Shapiro