```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

**PAMELA STELLA, individually and on behalf of all others similarly situated,**

      Plaintiff,

  v.

**LVMH PERFUMES AND COSMETICS USA, INC., a New York corporation,**

      Defendant.

No. 07 C 6509

## MEMORANDUM OPINION AND ORDER

Defendant LVMH Perfumes and Cosmetics USA, Inc. ("LVMH") moves to dismiss the complaint brought by plaintiff Pamela Stella, individually and on behalf of all others similarly situated, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted in part.

I.

Defendant is in the business of selling luxury goods, including Hennessy cognac, Dom Perignon champagne, and Christian Dior perfumes and cosmetics. This case concerns Christian Dior's "Addict Positive Red" lipstick ("lipstick"), which is sold at various retailers throughout the United States. The complaint alleges that on October 11, 2007, the Campaign for Safe Cosmetics ("CFS") made public a report revealing that the LVMH's lipstick products contain dangerous levels of lead. According to plaintiff, the tests conducted by the CFS revealed that the lipstick contained

lead in the amount of .21 parts per million ("ppm"), when the U.S. Food and Drug Administration has established a limit of .1 ppm for levels of lead in candy.

Plaintiff alleges she purchased the lipstick at a Nordstrom department store in June 2007 for personal use.  As a result, she claims to have been exposed to lead, which is contained in the lipstick.  According to the complaint, LVMH's marketing of the lipstick "affirmatively and impliedly" assured consumers that the product was safe for use.

The complaint alleges claims under the Illinois Consumer Fraud and Deceptive Business Practices ACT ("ICFA"), 815 ILCS 505/1, *et seq*. (2007) (count I); breach of implied warranty pursuant to the Uniform Commercial Code ("UCC") (count II); breach of implied warranty pursuant to the Magnuson-Moss Warranty Act ("MMWA") (count III); strict liability (count IV); and negligence per se (count V); unjust enrichment (count VI); and injunctive relief (count VII).

II.

In assessing defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must view the allegations in the light most favorable to the plaintiff and accept all well-pleaded facts in the complaint as true.  *McMillan v. Collection Prof'ls*, 455 F.3d 754, 758 (7th Cir. 2006) (citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965

(May 21, 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). Moreover, under Rule 9(b), allegations of fraud are subject to heightened pleading requirements. FED. R. CIV. P. 9(b). Fraud must be pled with particularity and the complaint must allege the "who, what, when, where, and how" of the fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

## III.

### A. Count I: ICFA

The complaint alleges defendant violated the ICFA. To state a claim under the ICFA plaintiff must allege "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 180, 835 N.E.2d 801, 850 (Ill. 2005) (citation omitted). In addition, claims under the ICFA must be pled with particularity. *See Villasenor v. Am. Signature Inc.*, No. 06 C 5493, 2008 WL 904888, at *2 (Mar. 31, 2008) (Kendall, J.) (citations omitted).

When the allegations are taken in the best light to plaintiff, they state a claim under the ICFA and provide defendant with adequate notice of the claim. The complaint specifically alleges defendant failed to include lead in its ingredient list for the

3

lipstick and that she would not have purchased the lipstick had she known she would have been exposed to the lead contained in the product. Plaintiff alleges that as the manufacturer of the lipstick, defendant knew or should have known that lead was an ingredient and that it failed to disclose this fact to consumers in listing the product's ingredients. Plaintiff seeks to recover actual damages in the form of pecuniary damages (the cost of the lipstick) and medical monitoring. Actual damages include pecuniary losses. *Id*. at *4. And in the absence of guidance from the Illinois Supreme Court on the propriety of medical monitoring claims under Illinois law, I find persuasive the federal case law finding such a claim cognizable under Illinois law. *See, e.g., Carey v. Kerr-McGee Chemical Corp.*, 999 F. Supp. 1109, 1118-19 (N.D. Ill. 1998) (Gettleman, J.).[1] Finally, plaintiff has alleged that her reliance on defendant's omission caused her to buy the lipstick and become exposed to lead. This sufficiently alleges proximate cause. Accordingly, the motion to dismiss count I is denied.

    B.    Counts II and III: Breach of Implied Warranty
           Pursuant to the U.C.C. and the MMWA.

Defendant first argues that plaintiff has failed to plead the goods are not "merchantable" under Illinois law. 810 ILCS § 5/2-

---

[1] To the extent defendant's motion to dismiss the remaining counts rests on the same argument – that medical monitoring is not a cognizable personal injury claim in Illinois, and thus plaintiff has failed to allege damages - the motion is denied.

314. For goods to be considered "merchantable," they must conform to a set of standards which includes being "fit for the ordinary purposes for which such goods are used."  810 ILCS 5/2-314(c). Although defendant concedes the complaint plainly alleges there are dangerous levels of lead in the lipstick, it still argues this does not sufficiently provide the lipstick was not fit for its ordinary purpose.  This argument has no merit under federal pleading standards.  *See Concentra Health Servs.*, 496 F.3d at 776-77, 779-80.  Both parties agree the ordinary purpose of lipstick is to color its user's lips in a reasonably safe manner.  The complaint plainly alleges the lipstick was not safe.  Accordingly, the motion to dismiss on this ground is denied.

Defendant also moves to dismiss counts II and III on the ground that plaintiffs failed to provide pre-suit notice as required by the UCC and the MMWA.  Under the UCC, a plaintiff-buyer pursuing a breach of warranty claim must give the seller notice of the claimed breach or be barred from recovery.  U.C.C. § 2-607; 810 ILCS 5/2-607(3)(A).  This notice requirement is intended to encourage pre-suit settlement negotiations, *see* U.C.C. § 2-607 cmt. 4; *see also Reyes v. McDonald's Corp.*, Nos. 06 C 1604, 06 C 2813, 2006 WL 3253579, at *3, (N.D. Ill. Nov. 8, 2006) (Kendall, J.), and is subject to two exceptions.  Direct notice is not required when (1) the seller has actual knowledge of the defect of the particular product; or (2) a consumer plaintiff suffers a personal injury, in

which case the notice requirement could be satisfied by filing a lawsuit against the seller. *See Allstate Ins. Co. v. Daimler Chrysler*, No. 03 C 6107, 2004 WL 442679, at *2 (N.D. Ill. Mar. 9, 2004) (Lefkow, J.) (citing *Connick v. Suzuki Motor Co. Ltd.*, 174 Ill.2d 482, 492, 675 N.E.2d 584, 589 (Ill. 1990)).

When taken as a whole and in the best light to plaintiff, the complaint sufficiently alleges LVMH had actual knowledge of the presence of lead in the lipstick. (Compl. at ¶¶ 4, 6, 25.) Counts II and III allege that "LVMH knew or should have known that the concerned lipstick products did not meet the capabilities as represented and marketed." (Id. at ¶¶ 60, 68.) This is enough to fit the claim under the first identified exception to the direct notice requirement. That said, the claim only survives to the extent that plaintiff alleges actual knowledge - not negligence. Accordingly, the motion to dismiss on this ground is denied.

Defendant also argues that the complaint does not sufficiently allege vertical privity between LVMH and Nordstrom - the department store where plaintiff alleges she purchased the lipstick. Illinois law requires contractual privity as a prerequisite for breach of implied warranty claims for recovery of economic losses. *Voelker v. Porsche Cars North Am., Inc.*, 353 F.3d 516, 527 (7th Cir. 2003). The complaint does not allege contractual privity exists among the parties. Plaintiff does argue there is an agency relationship between Nordstrom and LVMH, but the allegations in the complaint

are silent in this respect. *See Lantz v. Am. Honda Motor Co.*, No. 06 C 5932, 2007 WL 1424614, at *11 (N.D. Ill. May 14, 2007). The complaint only alleges that LVMH manufactures, markets, and sells the lipstick, but does not address the relationship between the retailer in question and LVMH. That said, plaintiff's claim for medical monitoring is a form of personal injury claim. *See, e.g.*, *Carey*, 999 F. Supp. at 1120; *see also Muniz v. Rexnord Corp.*, No. 04 C 2405, 2006 WL 1519571, at *3 (N.D. Ill. 2006) (Darrah, J.). Therefore, plaintiff does not seek to recover solely economic losses, which exempts plaintiff from this privity requirement. *See Collins Co., Ltd. v. Carboline Co.*, 837 F.2d 299, 301 (7th Cir. 1988) (privity is a requirement "only in cases of economic loss in contrast to . . . personal injury claims") (citations omitted); *Berry v. G.D. Searle & Co.*, 56 Ill.2d 548, 309 N.E.2d 550 (Ill. 1974); *Jensen v. Bayer AG*, 371 Ill. App. 3d 682, 691, 862 N.E.2d 1091, 1099-1100 (Ill. App. Ct. 2007) ("a plaintiff may be excepted from the privity requirement by suing for personal injury") (citations omitted). Accordingly, the motion to dismiss on this ground is denied.

Finally, defendant moves to dismiss count III on the ground that plaintiff does not satisfy the MMWA's jurisdictional requirements. Under section 2310(d)(3) of the MMWA, I lack jurisdiction over class actions where the number of named plaintiffs is less than 100, as is the case here. Plaintiff argues

that the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4, 119 Stat. 4, 9 (codified at 28 U.S.C. § 1332(d)) ("CAFA") creates an alternative basis for federal jurisdiction over the MMWA claim and provides case law in support. *See McCalley v. Samsung Electronics Am., Inc.*, No. CIV.A. 07-2141 (JAG), 2008 WL 878402, at *4-5 (D.N.J. Mar. 31, 2008); *Payne v. Fujifilm U.S.A., Inc.*, No. CIV.A. 07-385 (JAG), 2007 WL 4591281, at *7 (D.N.J. Dec. 28, 2007); *McGee v. Continental Tire North Am., Inc.*, No. CIV.06-6234 (GEB), 2007 WL 2462624, at *2-3 (D.N.J. Aug. 27, 2007)*; Clark v. Wynn's Extended Care*, No. 06 C 2933, 2007 WL 922244, at *4-5 (N.D. Ill. Mar. 23, 2007) (St. Eve, J.); *Chavis v. Fidelity Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 624-26 (D.S.C. 2006). Defendant fails to respond to this argument in its reply brief. In light of the case law and defendant's silence, I find I have jurisdiction in light of CAFA and the motion to dismiss on this count is denied.

　　C.　Strict Liability and Negligence Per Se Claims

Defendant moves to dismiss counts IV and V on the ground that plaintiff has failed to allege an actual injury. Because I have already found plaintiff's claim for medical monitoring is a form of personal injury claim, *see, e.g.*, *Carey*, 999 F. Supp. at 1120; *see also Muniz*, 2006 WL 1519571 at *3, the motion is denied. When the remaining allegations in the complaint are taken as true, plaintiff sufficiently states a claim in counts IV and V.

D. Unjust Enrichment

In order to state a claim for unjust enrichment under Illinois law a plaintiff must allege that the defendant retained a benefit to the plaintiff's detriment, and that the retention of that benefit violates fundamental principles of justice, equity, and good conscience. *HPI Health Care Serv., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 160, 545 N.E.2d 672, 679 (1989). The complaint sufficiently states a claim in light of the allegations that the lipstick contained dangerous levels of lead and was unfit for its intended purposes and that it was inequitable for LVMH to retain the funds it received as a consequence of the sale of the lipstick. Accordingly, the motion to dismiss count VI is denied.

E. Injunctive Relief

Defendant moves to strike plaintiffs' request for injunctive relief. Plaintiffs failed to oppose this. Accordingly, the motion to dismiss plaintiffs' request for injunctive relief in count VII is granted.

IV.

For the foregoing reasons, defendant's motion to dismiss is granted in part. Count VII is dismissed.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 8, 2008