**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

_____

|  |  |  |
|---|---|---|
| | ) | |
| PAMELA STELLA, individually and | ) | |
| on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | No.  07-CV-6509 |
| v. | ) | Hon.  Elaine E.  Bucklo |
| | ) | Magistrate Judge Arlander Keys |
| LVMH PERFUMES AND COSMETICS | ) | |
| USA, INC., a New York Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

_____)

**DEFENDANT LVMH PERFUMES & COSMETICS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant LVMH Moet Hennessy Louis Vuitton Inc. ("LVMH"), by its attorneys,

states as follows for its Answer and Affirmative Defenses to the complaint in this action:

**NATURE OF THE ACTION**

1.       Plaintiff brings this action as a Class Action pursuant to Rules 23(a), (b)(l),
(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who
purchased lipstick that was manufactured, marketed, and/or distributed by LVMH Perfumes
and Cosmetics USA Inc. ("LVMH"), from the offering of sale of the concerned lipstick
products to the present (the "Relevant Period"), containing lead (the "concerned lipstick
products").

**ANSWER:**     LVMH denies the existence of the entity identified as LVMH Perfumes

and Cosmetics USA, Inc. in Paragraph 1, but admits the existence of LVMH Perfumes &

Cosmetics, Inc., a New York corporation.  LVMH admits that Plaintiff purports to bring this

lawsuit as a putative class action pursuant to Fed. R. Civ. P. 23(a), (b)(1) and (b)(3)

(collectively, "Rule 23").  LVMH further admits that Plaintiff purports to represent a putative

class of purchasers described in Paragraph 1.  LVMH denies that certification of the class

described in Paragraph 1 and elsewhere in the Complaint is appropriate under Rule 23. Except as expressly admitted, LVMH denies the allegations of Paragraph 1.

2.    LVMH manufactured, imported, and/or distributed the concerned lipstick products that contain dangerous and harmful levels of lead, which is poisonous, especially if ingested.

**ANSWER:**    LVMH admits that it imports and distributes certain lipsticks, including Dior Addict Positive Red ("DAPR lipstick"), to authorized retailers in the United States. LVMH denies that any product it imports or distributes contains dangerous and/or harmful levels of lead. Except as expressly admitted, LVMH denies the allegations of Paragraph 2.

3.    LVMH's marketing of the concerned lipstick products affirmatively and impliedly represented the products as being suitable for ordinary use.

**ANSWER:**    LVMH admits that DAPR lipstick is suitable for ordinary use and that LVMH's marketing, if any, of DAPR lipstick is consistent with the product being safe for ordinary use. Except as expressly admitted, LVMH denies the allegations of Paragraph 3.

4.    LVMH has manufactured or caused to be manufactured, marketed and/or distributed millions of the concerned lipstick products designed for consumers of all ages for the main purpose of applying said products to the user's lips, despite the fact that the concerned lipstick products contained lead, LVMH did so despite the clear and obvious dangers posed by the inclusion of lead in their lipstick products, and the fact that the ingestion of lead by consumers can cause serious long-term injury.

**ANSWER:**    LVMH admits that DAPR lipstick is intended to be applied to the user's lips. Except as expressly admitted, LVMH denies the remaining allegations of Paragraph 4.

5.    Despite the presence of lead in the concerned lipstick products, LVMH failed to list lead as an ingredient in said products and, to date, LVMH has not recalled the concerned lipstick products, nor has it offered to reimburse Plaintiff or other members of Plaintiff Class for the costs of the concerned lipstick products, nor provided for any other relief.

**ANSWER:**    LVMH admits that it has not recalled DAPR lipstick or made a formal reimbursement offer to plaintiff or the putative class. Except as expressly admitted, LVMH denies the allegations of Paragraph 5.

6.    The concerned lipstick products manufactured or caused to be manufactured, marketed, and/or distributed by LVMH are not fit for their ordinary use.  Consumers purchasing them, including Plaintiff, did not receive the benefit of their bargain.

**ANSWER:**    LVMH denies the allegations of Paragraph 6.

7.    As a result of LVMH's negligent and reckless conduct, Plaintiff and other members of Plaintiff Class have been improperly exposed to a known hazardous substance, and have been sold a product not fit for its intended purpose.  Due to such exposure, these individuals are at an increased risk of being poisoned by lead.  Early detection of lead poisoning, through medical testing, is made advisable by LVMH's manufacturing, marketing, and distribution of its lead-containing lipstick products.

**ANSWER:**    LVMH denies the allegations of Paragraph 7.

8.    Accordingly, Plaintiff brings this action to recover the actual and compensatory damages for the monies expended by herself and the Plaintiff Class for the concerned lipstick products and for the recovery of unjustly retained profits, as well as to recover the costs of diagnostic testing necessary to detect lead poisoning for her and other members of the Plaintiff Class resulting from LVMH's actions.

**ANSWER:**    LVMH admits that plaintiff seeks relief in the form of actual and compensatory damages, disgorgement, and certain medical monitoring costs on behalf of herself and the putative class.  LVMH denies that plaintiff and/or the putative class are entitled to any of the relief sought.  Except as expressly admitted, LVMH denies the allegations of Paragraph 8.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this nationwide class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, includes more than 100 Class members, and is a class action in which at least one of the Class members is a citizen of a different state than LVMH.  *See* 28 U.S.C. § 1332(d)(2)(A).  This Court also has personal jurisdiction over LVMH because they are authorized to do business and in fact do business in this state, and LVMH has sufficient minimum contacts with this state and otherwise intentionally avails itself of the markets in this state through the promotion, marketing, and sale of its products in this state, to render the exercise of jurisdiction by this Court permissible.

**ANSWER:**    LVMH admits that the matter in controversy exceeds $5,000,000, exclusive of interest and costs.  LVMH admits that the putative class includes more than 100

members.  LVMH also admits that LVMH is authorized to do business and does do business in

the State of Illinois.  LVMH denies that plaintiff has standing under Article III of the U.S.

Constitution and, therefore, LVMH denies that this Court has subject matter jurisdiction.  *See*

*Koronthaly v. L'Oreal, Inc.*, No. 07-CV-5588 (D.N.J.).   Except as expressly admitted, LVMH

denies the allegations of Paragraph 9.

10.    Venue is proper in the Northern District of Illinois because a substantial part of
the events detailed in Plaintiffs Complaint occurred in this District.

**ANSWER:**   LVMH admits that venue is proper in this district court.  Except as

expressly admitted, LVMH denies the allegations of Paragraph 10.

## PARTIES

11.    Plaintiff Pamela Stella is and has been a resident and citizen of Cook County,
Illinois during the Relevant Period, Specifically, Plaintiff purchased and personally used
Christian Dior "Addict Positive Red", which is manufactured, marketed, and/or distributed by
LVMH and is one of the concerned lipstick products known to contain dangerous levels of
lead.  Plaintiff purchased this product at a Nordstrom department store in the month of June
2007, During the Relevant Period, Plaintiff applied the Christian Dior "Addict Positive Red"
directly to her lips.  Plaintiff was deceived by LVMH's material omissions in failing to disclose
that the concerned lipstick products contained harmful levels of lead, because LVMH could not
have represented the concerned lipstick products were safe had it truthfully disclosed that the
products contained the complained-of lead.  Plaintiff would not have purchased, nor can other
members of the Class be reasonably presumed to have purchased, the concerned lipstick
products had they known that they would be exposed to said excessive quantities of lead.

**ANSWER:**   LVMH lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations concerning plaintiff's residency, her alleged purchase of

DAPR lipstick from a Nordstrom department store in June 2007, or her use of any such lipstick.

LVMH admits that it distributes DAPR lipsticks to certain retailers in the United States.

Except as expressly admitted, LVMH denies the allegations of Paragraph 11.

12.    Defendant LVMH Perfumes and Cosmetics USA Inc., ("LVMH') is a New
York Corporation doing business in the state of New York and throughout the United States.
LVMH, an acronym for Louis Vuitton Moët Hennessy, is an American subsidiary of a French
parent corporation.  LVMH's worldwide revenues exceed €6 billion, of which more than €1
billion is for perfume and cosmetics.  LVMH manufactures and distributes such products as

Hennessy cognac, Dom Pérignon champagne, and Christian Dior perfumes and cosmetics, Websites are maintained by LVMH that reach out, *inter alia*, internationally throughout the United States, Europe, and most of the world.

**ANSWER:**   LVMH denies the existence of the entity identified in Paragraph 12, as LVMH Perfumes and Cosmetics USA Inc., and incorporates its response to Paragraph 1. LVMH admits that it distributes DAPR lipstick in the United States.  Except as expressly admitted, LVMH denies the allegations of Paragraph 12.

## STATEMENT OF FACTS

**A.**   **LVMH MARKETED THE CONCERNED LIPSTICK PRODUCTS AS BEING SAFE FOR USE DESPITE THE FACT THAT THEY CONTAIN HARMFUL LEVELS OF LEAD.**

13.     LVMH's marketing of the concerned lipstick products affirmatively and impliedly assures consumers that the concerned lipstick products are safe for use.

**ANSWER:**   LVMH admits that DAPR lipstick is safe for use and that its marketing of DAPR lipstick, if any, is consistent with DAPR lipstick being safe for use.  Except as expressly admitted, LVMH denies the allegations of Paragraph 13.

14.     Despite its representations, both affirmatively and impliedly, that the concerned lipstick products were safe for such use, LVMH distributed the concerned lipstick products that contained the complained-of lead.

**ANSWER:**   LVMH admits that it distributes DAPR lipstick in the United States. LVMH further admits that DAPR lipstick is safe for use, and that LVMH's representations regarding DAPR lipstick, if any, are consistent with DAPR lipstick being safe for use.  Except as expressly admitted, LVMH denies the allegations of Paragraph 14.

15.     Plaintiff and other members of Plaintiff Class were deceived by LVMH's material omissions and failure to state that the concerned lipstick products contained lead, and purchased the concerned lipstick products believing that they were safe for application on their lips.

**ANSWER:**   LVMH denies the allegations of Paragraph 15.

16.     The concerned lipstick products of LVMH include, but are not limited to, Christian Dior "Addict Positive Red," which is manufactured, distributed, and/or sold by LVMH.

**ANSWER:**     LVMH admits that it distributes DAPR lipstick in the United States.

Except as expressly admitted, LVMH denies the allegations of Paragraph 16.

17.     The concerned lipstick products were sold at various retailers throughout the United States for a number of years and continuing to the present day.

**ANSWER:**     LVMH admits that DAPR lipstick has been sold at various retailers

throughout the United States for a number of years.  Except as expressly admitted, LVMH

denies the allegations of Paragraph 17.

**B.     LVMH KNEW OR SHOULD LEAVE KNOWN OF THE DANGERS OF THE CONCERNED LIPSTICK PRODUCTS.**

18.     Exposure to lead causes a wide range of adverse health effects.  Even low levels of exposure to lead can result in IQ deficits, learning disabilities, behavioral problems, stunted or slowed growth, and impaired hearing.

**ANSWER:**     LVMH lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations of Paragraph 18.  Further answering, LVMH denies that

the trace amount of lead allegedly detected in DAPR lipstick is dangerous or potentially

dangerous.  Except as expressly admitted, LVMH denies the allegations of Paragraph 18.

19.     At increasingly high levels of exposure, people may suffer kidney damage, become mentally retarded, fall into a coma, or even die from lead poisoning.

**ANSWER:**     LVMH lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations of Paragraph 19.  Further answering, LVMH denies that

the trace amount of lead allegedly detected in DAPR lipstick is dangerous or potentially

dangerous.  Except as expressly admitted, LVMH denies the allegations of Paragraph 19.

20.     Pregnant women and children are particularly vulnerable to lead exposure, as lead easily crosses the placenta and enters the fetal brain, where it can interfere with normal development.

**ANSWER:**  LVMH lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 20.  Further answering, LVMH denies that the trace amount of lead allegedly detected in DAPR lipstick is dangerous or potentially dangerous.  Except as expressly admitted, LVMH denies the allegations of Paragraph 20.

21.     Lead has also been linked to infertility, miscarriage, hormonal changes, menstrual irregularities, and delays in the onset of puberty.

**ANSWER:**  LVMH lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 21.  Further answering, LVMH denies that the trace amount of lead allegedly detected in DAPR lipstick is dangerous or potentially dangerous.  Except as expressly admitted, LVMH denies the allegations of Paragraph 21.

22.     Lead can build up in the body over time, and applying lead-containing lipstick several times a day, every day, can result in significant exposure levels.

**ANSWER:**  LVMH lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 22 regarding lead building up in the body over time.  Further answering, LVMH denies that the trace amount of lead allegedly detected in DAPR lipstick, if any, is dangerous, potentially dangerous, or that it could result in significant exposure levels.  Except as expressly admitted, LVMH denies the allegations of Paragraph 22.

23.     During a woman's lifespan, a typical woman can inadvertently ingest approximately 4 pounds of lipstick.

**ANSWER:**  LVMH lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 23.  Except as expressly admitted, LVMH denies the allegations of Paragraph 23.

24.     It has been reported that 63% of girls aged 10 and younger use lipstick.

**ANSWER:**  LVMH denies that 63% of girls aged 10 and younger use DAPR lipstick.  LVMH lacks sufficient information to form a belief regarding the truth of the remaining

allegations of Paragraph 24. Except as expressly admitted, LVMH denies the allegations of Paragraph 24.

25.    Accordingly, LVMH knew or should have known that manufacturing and distributing lipstick products containing any amount of lead was dangerous to those individuals using them, and that such lipstick products were not safe as LVMH represented them to be.

**ANSWER:**    LVMH denies the allegations of Paragraph 25.

26.    It is possible, and reasonable, to manufacture lipstick that does not contain lead, and such products are so manufactured and marketed.

**ANSWER:**    LVMH incorporates its answer to Paragraph 2, and denies that it is feasible to manufacture all lipsticks, including DAPR lipstick, without lead. Except as expressly admitted, LVMH denies the allegations of Paragraph 26.

## C.    THE CONCERNED LIPSTICK PRODUCTS.

27.    On October 11, 2007, the Campaign for Safe Cosmetics ("CFS") made public a report that revealed that LVMH's lipstick products contain dangerous levels of lead.

**ANSWER:**    LVMH admits that a group calling itself the Campaign for Safe Cosmetics ("CSC") issued a report in October 2007. LVMH states that the text of the CSC report speaks for itself. Except as expressly admitted, LVMH denies the allegations of Paragraph 27.

28.    The U.S. Food and Drug Administration ("FDA") has established a limit of 0.1 parts per million ("ppm") for levels of lead in candy, a standard that has been established to protect children from directly ingesting lead.

**ANSWER:**    LVMH denies the allegations of Paragraph 28.

29.    Lipstick products, much like candy, are directly ingested into the body when an individual licks their [*sic*] lips, eats, etc.

**ANSWER:**    LVMH admits that minute quantities of lipstick may be inadvertently ingested when a wearer licks her lips or eats, depending on the particular habits or traits of the wearer. Except as expressly admitted, LVMH denies the allegations of Paragraph 29.

30.     The tests conducted by the CFS revealed that LVMH's Christian Dior "Addict Positive Red" contained lead in the amount of .21 ppm, which is more than twice the accepted level of lead for products that are ingested.

**ANSWER:**     LVMH admits that the CFSC claims to have detected 0.21 ppm of lead in DAPR lipstick.  Except as expressly admitted, LVMH denies the allegations of Paragraph 30.

31.     Plaintiff purchased and applied Christian Dior "Addict Positive Red" to her lips.

**ANSWER:**     LVMH lacks sufficient information to form a belief regarding the truth of the allegations of Paragraph 31.  Except as expressly admitted, LVMH denies the allegations of Paragraph 31.

32.     Nordstrom sells Christian Dior "Addict Positive Red" for $24.99.

**ANSWER:**     LVMH lacks knowledge or information sufficient to form a belief regarding the truth of the allegation of Paragraph 32 regarding the price(s) at which Nordstrom department stores sell DAPR lipstick.  Except as expressly admitted, LVMH denies the allegations of Paragraph 32.

33.     To date, LVMH has not issued a recall of the concerned lipstick products or offered compensation, nor has it engaged in responsible marketing advising against the use of the concerned lipstick products.

**ANSWER:**     LVMH admits that it has not issued a recall for DAPR lipstick or offered compensation to plaintiff or the putative class.  LVMH admits that it has not advised consumers not to use DAPR lipstick.  Except as expressly admitted, LVMH denies the allegations of Paragraph 33.

34.     Moreover, as a result of LVMH's negligent and reckless conduct, Plaintiff and members of Plaintiff Class have been exposed to a known hazardous substance.  As a result of such exposure, these individuals are at an increased risk of being poisoned by lead and may have already been so poisoned and adversely affected.  Accordingly, Plaintiff also seeks to recover the purchase price of the concerned lipstick products which, but for LVMH's conduct as described herein, would not have been paid, the costs of diagnostic testing necessary to detect lead poisoning for herself and the other members of the Plaintiff Class resulting from

LVMH's actions, as well as injunctive relief correcting the false perception created in the public of LVMH's omissions as above stated.

**ANSWER:**    LVMH admits that plaintiff seeks the relief described in Paragraph 34.

Except as expressly admitted, LVMH denies the allegations of Paragraph 34.

## CLASS CERTIFICATION

35.    This action is brought as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons throughout the United States and its territories who purchased lipstick products that contained the complained-of lead, which were marketed, manufactured, the lipstick products that contained the complained-of lead, which were marketed, manufactured, and/or distributed, or placed in commerce for sale, by LVMH, from the offering of sale of the concerned lipstick products to the present.

**ANSWER:**    LVMH admits that plaintiff purports to bring this lawsuit as a putative nationwide class action pursuant to Rule 23.  LVMH further admits that plaintiff purports to represent the putative class of purchasers stated in Paragraph 35.  Except as expressly admitted, LVMH denies the allegations of Paragraph 35.

36.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.  The identity and exact number of Class members is unknown but can likely be determined from information within the possession of LVMH.  It is estimated to be in the millions.

**ANSWER:**    LVMH admits that the identity and exact number of putative class members is unknown.  Except as expressly admitted, LVMH denies the allegations of Paragraph 36.

37.    Plaintiff's claims are typical of those of other Plaintiff Class members, all of whom have suffered harm due to LVMH's uniform course of conduct.

**ANSWER:**    LVMH denies the allegations of Paragraph 37.

38.    There are numerous and substantial questions of law and fact common to all members of Plaintiff Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3).  These common issues include, hut are not limited to:

        a)    Whether the concerned lipstick products are defective;

        b)    Whether the concerned lipstick products are inherently dangerous;

      c)      Whether, as a result of LVMH's conduct, Plaintiff and the other members of Plaintiff Class have been exposed to a known hazardous substance;

      d)      Whether early detection, through medical testing, of lead poisoning is made necessary and advisable by LVMH's manufacturing, marketing, and distribution of lipstick products containing lead;

      e)      Whether LVMH is refusing to pay for the costs of lead testing;

      f)      Whether Plaintiff and other members of Plaintiff Class are entitled to injunctive relief;

      g)      Whether LVMH has been unjustly enriched; and

      h)      Whether LVMH's conduct amounts to an unfair and deceptive practice under Illinois law and/or similar laws of other states.

**ANSWER:**    LVMH denies the allegations of Paragraph 38.

39.    LVMH's conduct is such that it is appropriate that there be final injunctive relief to enjoin its conduct with respect to Plaintiff Class as a whole pursuant to Rule 23(b)(2).

**ANSWER:**    LVMH denies the allegations of Paragraph 39.

40.    A class action is the appropriate method for the fair and efficient adjudication of this controversy for the following reasons:

      a)      Without a class action, Plaintiff Class will continue to suffer damage, LVMH's violations of the law or laws will continue without remedy, and LVMH will continue to enjoy the fruits and proceeds of its unlawful misconduct;

      b)      Given (i) the substantive complexity of this litigation; (ii) the size of individual Plaintiff Class members' claims; and (iii) the limited resources of the Plaintiff Class members, few, if any, Plaintiff Class members could afford to seek legal redress individually for the wrongs LVMH has committed against them;

      c)      This action will foster an orderly and expeditious administration of Plaintiff Class members' claims, economies of time, effort and expense, and uniformity of decision; and

      d)      Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within Plaintiff Class members' claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of LVMH's common liability, the Court can efficiently determine the claims of the individual Plaintiff

Class members; and this action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of Plaintiff Class can seek legal redress for the harm caused them by LVMH.

**ANSWER:**    LVMH denies the allegations of Paragraph 40.

### CLAIMS FOR RELIEF

### COUNT I

(Violations of Consumer Protection Laws)

41.    Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER:**    LVMH restates and reasserts its answers to Paragraphs 1 through 40 as if fully set forth herein.

42.    This is a claim for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, and those other state consumer protection statutes which are in all material respects similar to it.

**ANSWER:**    LVMH admits that plaintiff purports to assert claims under ICFA and the consumer protection statutes of other unspecified states.  Except as expressly admitted, LVMH denies the allegations of Paragraph 42.

43.    Section 2 of the ICFA, 815 ILCS 505/2, provides, in pertinent part:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.  In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission. (footnotes omitted)

**ANSWER:**    LVMH admits the existence of ICFA, the text of which speaks for itself. Except as expressly admitted, LVMH denies the allegations of Paragraph 43.

44.    Section 10a of the ICFA, 815 ILCS 505/10a, provides, in pertinent part:

(a)    Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person.  The court, in its discretion may award actual economic damages or any other relief which the court deems proper...

(b)    Except as provided in subsections (f) (g), and (h) of this Section, in any action brought by a person under this Section, the Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

**ANSWER:**    LVMH admits the existence of ICFA, the text of which speaks for itself.

Except as expressly admitted, LVMH denies the allegations of Paragraph 44.

45.    Plaintiff and the other Plaintiff Class members are "consumers" or "persons," as defined and construed under the ICFA, 815 ILCS 505/1, et seq., and other states' similar Consumer Protection Laws.

**ANSWER:**    Paragraph 45 states a legal conclusion to which no response is required.

To the extent Paragraph 45 purports to allege facts, LVMH lacks knowledge or information

sufficient to form a belief regarding the residence of plaintiff or other members of the putative

class or regarding the circumstances of each of their respective purchases of DAPR lipstick.

LVMH, therefore, lacks knowledge or information sufficient to form a belief regarding whether

the plaintiff and putative class members are "consumers" or "persons" for purposes of ICFA or

any of the unidentified consumer protection statutes pursuant to which plaintiff purports to

proceed.  Except as expressly admitted, LVMH denies the allegations of Paragraph 45.

46.    LVMH's conduct as alleged herein occurred in the course of trade or commerce.

**ANSWER:**    LVMH admits that it distributes DAPR lipstick in the United States, and

that such distribution occurs in the course of trade or commerce.  Except as expressly admitted,

LVMH denies the allegations of Paragraph 46.

47.    LVMH's marketing through affirmative and implied representations of the concerned lipstick products as being safe for use constitutes an unfair or deceptive trade practice.

**ANSWER:**    LVMH admits that DAPR lipstick is safe for use and that its marketing of DAPR lipstick, if any, is consistent with DAPR lipstick being safe for use.  Except as expressly admitted, LVMH denies the allegations of Paragraph 47.

48.    Upon information and belief, LVMH knew or should have known of the lead in its lipstick products and the dangers associated with the inclusion of lead, as well as the resulting lack of fitness for use, at all material times, but did not disclose the defect to consumers.

**ANSWER:**    LVMH denies the allegations of Paragraph 48.

49.    Even though LVMH knew or should have known of the defective nature of the concerned lipstick products, it continued to sell said products to consumers without properly disclosing or correcting the defect, intending that consumers rely on their representation that the concerned lipstick products were safe for use.

**ANSWER:**    LVMH denies the allegations of Paragraph 49.

50.    LVMH's sales practices were deceptive, misleading, and intended to increase its own profits to the detriment of consumers.  LVMH has profited from the uniform deceptive practices and marketing campaigns, in that LVMH was able to sell hundreds of thousands of the concerned lipstick products that it could not have sold absent its deceptive practices, including affirmative and implied representations and omissions, causing Plaintiff and Plaintiff Class damages.

**ANSWER:**    LVMH denies the allegations of Paragraph 50.

51.    Plaintiff and other members of Plaintiff Class were deceived by LVMH's failure to disclose the dangers of its the concerned lipstick products that contained improper levels of lead.  LVMH would not have been able to sell the concerned lipstick products had it properly disclosed the fact that they contained lead.

**ANSWER:**    LVMH denies the allegations of Paragraph 51.

52.    Plaintiff and other members of Plaintiff Class would not have purchased the concerned lipstick products if LVMH had disclosed the dangers of the concerned lipstick products, including that such products contained lead as aforestated.

**ANSWER:**    LVMH lacks knowledge or information sufficient to form a belief regarding the subjective mental state of plaintiff or any member of the putative class in

connection with any purchase of DAPR lipstick. Except as expressly admitted, LVMH denies the allegations of Paragraph 52.

53.    Plaintiff and other Plaintiff Class members suffered actual damages as a result of LVMH's deceptive and unfair trade practices. Specifically, as a result of LVMH's deceptive and unfair trade practices, Plaintiff and other Plaintiff Class members suffered monetary losses, i.e., the purchase price of the concerned lipstick products, which themselves are unfit for their intended purpose, and further can be expected to suffer in the future the cost of medical monitoring necessitated by their exposure to the lead in LVMH's concerned lipstick products.

**ANSWER:**    LVMH denies the allegations of Paragraph 53.

54.    By reason of the foregoing, LVMH is liable to Plaintiff and Plaintiff Class members in an amount to be proved at trial, including, but not limited to, treble damages or other penalties as may be appropriate under applicable law.

**ANSWER:**    LVMH denies the allegations of Paragraph 54.

## COUNT II

### (Breach of Implied Warranty Pursuant to the U.C.C.)

55.    Plaintiff re-alleges paragraphs I through 40 as if fully set forth herein.

**ANSWER:**    LVMH reasserts and restates its answers to Paragraphs 1-54 as if fully set forth herein.

56.    Under the Uniform Commercial Code in Illinois and in other states, there exists an implied warranty of merchantability. See 810 ILCS 5/2-314.

**ANSWER:**    Paragraph 56 states a legal conclusion to which no response is required. To the extent Paragraph 56 purports to allege facts, LVMH admits the existence of 810 ILCS 5/2-314 and that the text of the statute speaks for itself. Except as expressly admitted, LVMH denies the allegations of Paragraph 56.

57.    LVMH, in the manufacture, production, and sale of the concerned lipstick products impliedly warranted to Plaintiff and other members of the Plaintiff Class that the concerned lipstick products were fit for their ordinary purpose, application on one's lips.

**ANSWER:**    LVMH admits that DAPR lipstick is fit for its ordinary purpose – *i.e.*, application of color to one's lips.  Except as expressly admitted, LVMH denies the allegations of Paragraph 57.

58.    LVMH breached the implied warranty of merchantability by selling the concerned lipstick products, which are dangerous and cannot safely be used for their ordinary purpose, because they contain the complained-of lead.

**ANSWER:**    LVMH denies the allegations of Paragraph 58.

59.    LVMH's concerned lipstick products were in fact unmerchantable because they could not safely be used for their ordinary and intended purpose.

**ANSWER:**    LVMH denies the allegations of Paragraph 59.

60.    LVMH knew or should have known that the concerned lipstick products did not meet the capabilities as represented and marketed.

**ANSWER:**    LVMH denies the allegations of Paragraph 60.

61.    Plaintiff and other members of the Plaintiff Class have been and will be damaged, and have suffered and will suffer direct economic damage, including the cost of the concerned lipstick product and the future cost of medical monitoring necessitated by their exposure to the lead in LVMH's concerned lipstick products

**ANSWER:**    LVMH denies the allegations of Paragraph 61.

62.    By reason of the foregoing, LVMH is liable to Plaintiff and the members of the Plaintiff Class in an amount to be proved at trial.

**ANSWER:**    LVMH denies the allegations of Paragraph 62.

## COUNT Ill

(Breach of Implied Warranty Pursuant to the Magnuson-Moss Warranty Act)

63.    Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER:**    LVMH reasserts and restates its answers to Paragraphs 1-40 as if fully set forth herein.

64.    The Magnuson-Moss Warranty Act provides for a civil action by consumers for failure to comply with implied warranties arising under state law.  *See* 15 U.S.C. § 2310 (d)(l).

**ANSWER:**    Paragraph 64 states a legal conclusion to which no response is required. To the extent Paragraph 64 purports to allege facts, LVMH admits the existence of 15 U.S.C. § 2310(d)(1) and that the text of the statute speaks for itself.  Except as expressly admitted, LVMH denies the allegations of Paragraph 64.

65.    LVMH, in the manufacture, production, and sale of the concerned lipstick products impliedly warranted to Plaintiff and other members of the Plaintiff Class that the concerned lipstick products were fit for their ordinary purpose, application on one's lips.

**ANSWER:**    LVMH admits that DAPR lipstick is fit for its ordinary purpose – *i.e.*, application of color to one's lips.  Except as expressly admitted, LVMH denies the allegations of Paragraph 65.

66.    LVMH breached the implied warranty of merchantability under Illinois law and other states' laws by selling the concerned lipstick products, which are dangerous and cannot safely be used for their ordinary purpose, because they contain the complained-of lead.

**ANSWER:**    LVMH denies the allegations of Paragraph 66.

67.    LVMH's concerned lipstick products were in fact unmerchantable because they could not safely be used for their ordinary and intended purpose.

**ANSWER:**    LVMH denies the allegations of Paragraph 67.

68.    LVMH knew or should have known that the concerned lipstick products did not meet the capabilities as represented and marketed.

**ANSWER:**    LVMH denies the allegations of Paragraph 68.

69.    Plaintiff and members of the Plaintiff Class have been and will be damaged, and have suffered and will suffer direct economic damage, including the cost of the concerned lipstick product, and the future cost of medical monitoring necessitated by their exposure to the lead in LVMH's concerned lipstick products.

**ANSWER:**    LVMH denies the allegations of Paragraph 69.

70.    By reason of the foregoing, LVMH is liable to Plaintiff and other members of the Plaintiff Class in an amount to be proved at trial.

**ANSWER:**    LVMH denies the allegations of Paragraph 70.

## COUNT IV

### (Strict Liability)

71.     Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER:**     LVMH reasserts and restates its answers to Paragraphs 1-40 as if fully set forth herein.

72.     LVMH is strictly liable for damages because:

    a)     it placed the concerned lipstick products in the stream of commerce;

    b)     the condition of the concerned lipstick products – containing lead – rendered them unreasonably dangerous;

    c)     the inherently dangerous condition existed when the product left the control of LVMH; and

    d)     the condition was a proximate cause of injury.

**ANSWER:**     LVMH denies the allegations of Paragraph 72.

73.     Plaintiff and other members of Plaintiff Class may recover for purely economic loss because their damages are proximately caused by LVMH's intentional, false representation that the concerned lipstick products are safe when, in fact, they are not.

**ANSWER:**     LVMH denies the allegations of Paragraph 73.

74.     Plaintiff and other members of Plaintiff Class have been and will be damaged, and have suffered and will suffer direct economic loss, including both the cost of the concerned lipstick product and the future cost of medical monitoring necessitated by the presence of lead.

**ANSWER:**     LVMH denies the allegations of Paragraph 74.

75.     By reason of the foregoing, LVMH is liable to Plaintiff and members of Plaintiff Class in an amount to be proved at trial,

**ANSWER:**     LVMH denies the allegations of Paragraph 75.

## COUNT V

### (Negligence Per Se)

76.     Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER:**    LVMH reasserts and restates its answers to Paragraphs 1-40 as if fully set forth herein.

77.    LVMH failed to comply with the applicable Federal statute on adulterated cosmetics, particularly the Food, Drug and Cosmetics Act (21 U.S.C. § 301 *et seq*.).

**ANSWER:**    LVMH denies the allegations of Paragraph 77.

78.    LVMH manufactured, distributed, delivered and/or sold cosmetics that contained a poisonous and deleterious substance, lead, and thus, said cosmetics were prohibited adulterated cosmetics under the Federal Food Drug and Cosmetics Act.  LVMH was therefore negligent per se.

**ANSWER:**    LVMH admits that it distributes DAPR lipstick in the United States.

Except as expressly admitted, LVMH denies the allegations of Paragraph 78.

79.    As a direct and proximate result of LVMH's negligence *per se*, Plaintiff and other members of Plaintiff Class were damaged in an amount to be determined at trial.

**ANSWER:**    LVMH denies the allegations of Paragraph 79.

### COUNT VI

### (Unjust Enrichment)

80.    Plaintiff realleges Paragraphs 1 through 40 as if fully set forth herein, and alleges this Count in the alternative.

**ANSWER:**    LVMH reasserts and restates its answers to Paragraphs 1-40 as if fully set forth herein.

81.    LVMH received from Plaintiff and other Plaintiff Class members certain monies from their purchase of the concerned lipstick products which are excessive and unreasonable, and are the result of LVMH's deceptive conduct.  The concerned lipstick products sold by LVMH were unreasonably dangerous and unfit for their intended purpose.

**ANSWER:**    LVMH denies the allegations of Paragraph 81.

82.    As a result, Plaintiff and other members of Plaintiff Class have conferred a benefit on LVMH, and LVMH has knowledge of this benefit and has voluntarily accepted and retained the benefit conferred on it.

**ANSWER:**    LVMH denies the allegations of Paragraph 82.

83.     LVMH will be unjustly enriched if it is allowed to retain such funds, and each Plaintiff Class member is entitled to an amount equal to the amount each Plaintiff Class member enriched LVMH and for which LVMH has been unjustly enriched.

**ANSWER:**     LVMH denies the allegations of Paragraph 83.

84.     By reason of the foregoing, Plaintiff lacks an adequate remedy at law.

**ANSWER:**     LVMH denies the allegations of Paragraph 84.

85.     By reason of the foregoing, LVMH is liable to disgorge to Plaintiffs and members of Plaintiff Class the amount by which each Plaintiff Class member enriched LVMH and for which LVMH has been unjustly enriched.

**ANSWER:**     LVMH denies the allegations of Paragraph 85.

## COUNT VII

### (Injunctive Relief)

86.     Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein

**ANSWER:**     Count VII of the Complaint has been dismissed.  Therefore, no answer to the allegations of Count VII is necessary or appropriate.

87.     By distributing, selling, and/or manufacturing lead containing lipstick products, LVMH is violating 21 U.S.C. § 331.

**ANSWER:**     Count VII of the Complaint has been dismissed.  Therefore, no answer to the allegations of Count VII is necessary or appropriate.

88.     Pursuant to 21 U.S.C. § 332, Congress has granted this Court specific jurisdiction to enjoin violations of 2l U.S.C. § 331.

**ANSWER:**     Count VII of the Complaint has been dismissed.  Therefore, no answer to the allegations of Count VII is necessary or appropriate.

89.     Upon information and belief, LVMH continues to sell, manufacture, and/or distribute the concerned lipstick products.  LVMH is therefore currently violating 21 U.S.C. § 331, and upon information and belief will continue to do so, absent an injunction.

**ANSWER:**     Count VII of the Complaint has been dismissed.  Therefore, no answer to the allegations of Count VII is necessary or appropriate.

90.    Plaintiff and Plaintiff Class are entitled to a temporary restraining order, preliminary injunction, and permanent injunction, all enjoining LVMH from distributing, selling, and/or manufacturing the concerned lipstick products in violation of 21 U.S.C. § 331.

**ANSWER:**    Count VII of the Complaint has been dismissed.  Therefore, no answer to the allegations of Count VII is necessary or appropriate.

### AFFIRMATIVE DEFENSES

LVMH states as follows for its Affirmative Defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

The claims asserted by plaintiff on behalf of herself and the putative class are barred, in whole or in part, because this Court does not have subject matter jurisdiction.  Specifically, plaintiff lacks injury-in-fact, a requirement for standing under Article III of the U.S. Constitution.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted by plaintiff on behalf of herself and the putative class are barred, in whole or in part, by 815 ILCS 505/10b(6), because the Act [ICFA] does not apply to claims seeking damages for conduct that results in bodily injury, and plaintiff seeks medical monitoring, which (as the Court held in its June 8, 2008 ruling on LVMH's motion to dismiss) is in the nature of a claim for personal injury.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted by plaintiff on behalf of herself and the putative class are barred, in whole or in part, by 815 ILCS 505/10b(1), because the transactions at issue are specifically authorized by laws administered by regulatory bodies or officers acting under statutory authority of Illinois of the United States.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiff on behalf of herself and the putative class are barred, in whole or in part, by the doctrine of federal preemption.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiff on behalf of herself and the putative class are barred, in whole or in part, by the doctrine of primary jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiff on behalf of herself and the putative class are barred, in whole or in part, for lack of privity with LVMH.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiff on behalf of herself and the putative class are barred, in whole or in part, based on failure to mitigate any alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

The claims asserted by plaintiff on behalf of herself and the putative class are barred, in whole or in part, by the applicable statutes of limitation.

### NINTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiff on behalf of herself and the putative class are barred, in whole or in part, because any injury suffered by plaintiff or any member of the putative class was actually or proximately caused by misuse or unintended use of the product.

### TENTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiff on behalf of herself and the putative class are barred, in whole or in part, because the claimed damages, if any, are subject to an offset in the

amount of any reimbursement received as a result of any insurance or other health benefits plan, or any amounts paid for by any insurance or other health benefits plan.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiff on behalf of herself and the putative class are barred, in whole or in part, because any injuries or damages allegedly sustained were caused by a preexisting or unrelated medical condition, disease, or illness.

### TWELFTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiff on behalf of herself and the putative class are barred, in whole or in part, because any injuries or damages allegedly sustained were caused by lead exposure from sources other than DAPR lipstick.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiff on behalf of herself and the putative class are barred, in whole or in part, because LVMH acted in good faith at all relevant times and gave adequate warnings of all known or reasonably knowable risks associated with the use of its product.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims on behalf of herself and the putative class are barred, in whole or in part, by plaintiff's failure to provide LVMH with the requisite notice and opportunity to cure.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims on behalf of herself and the putative class are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States because the complained of lipstick is comprehensively regulated by

the FDA pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* ("FDCA"), and regulations promulgated thereunder, and plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should or should not be used in the labeling accompanying the product.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims on behalf of herself and the putative class are barred, in whole or in part, by the deference that common law gives to discretionary actions by FDA under the FDCA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims on behalf of herself and the putative class for punitive damages are barred, in whole or in part, by the following provisions of the U.S. Constitution: the Commerce Clause of Article I, Section 8; the Contracts Clause of Article I, Section 10; the prohibition against ex post facto laws embodied in Article I, Section 10; the Supremacy Clause of Article VI; the Due Process Clause of the Fifth and Fourteenth Amendments; the Takings Clause of the Fifth Amendment; the Excessive Fines Clause of the Eighth Amendment; the Equal Protection Clause of the Fourteenth Amendment; and similar or corresponding provisions of applicable state constitutions.

### EIGHTEENTH AFFIRMATIVE DEFENSES

The plaintiff's claims on behalf of herself and the putative class for punitive damages are barred, in whole or in part, because none of the alleged conduct attributed to LVMH was malicious, willful, or reckless.

**<u>Reservation of Right to Plead Additional Affirmative Defenses</u>**

LVMH expressly reserves its right to plead any additional affirmative defenses of which

it becomes aware in the course of, or as a consequence of, further discovery in this matter.

WHEREFORE, Defendant LVMH Perfumes & Cosmetics, Inc. denies that it is liable to

plaintiff or the putative class for any of the relief sought in the complaint.


Date:  August 7, 2008                               Respectfully submitted,

                                                    **LVMH PERFUMES AND COSMETICS, INC.**


                                                    By: <u>s/ Rachael M.  Trummel</u>
                                                         One of Its Attorneys


Robert E. Shapiro (ARDC No. 03125180))
Rachael M. Trummel (ARDC No. 6274278)
BARACK FERRAZZANO
    KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
Ph: 312.984.3100
Fax: 312.984.3150
Email:  rob.shapiro@bfkn.com
Email:  rachael.trummel@bfkn.com

Frank A. Citera (ARDC No. 6185263)
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Ph: 312.456.8400
Fax: 312.456.8435
Email:  citeraf@gtlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Rachael M. Trummel, an attorney, hereby certify that I caused a true and correct copy of the foregoing **LVMH'S ANSWER TO CLASS ACTION COMPLAINT** to be served upon the following by ECF/PACER electronic notice and by U.S. Mail as indicated on this 7th day of August 2008:

<u>**By ECF/PACER Electronic Notice**</u>

Ben Barnow
Erich Paul Schork
Sharon Harris
BARNOW & ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
(312) 621-2000
Email: b.barnow@barnowlaw.com
Email: e.schork@barnowlaw.com
Email: s.harris@barnowlaw.com
*ATTORNEYS TO BE NOTICED*

Aron David Robinson
LAW OFFICE OF ARON D. ROBINSON
19 South LaSalle Street, Suite 1300
Chicago, IL 60603
(312) 857-9050
Email: adroblaw@aol.com
*ATTORNEY TO BE NOTICED*

<u>**By U.S. Mail, Proper Postage Prepaid**</u>

Kevin Rogers
LAW OFFICES OF KEVIN ROGERS
307 North Michigan Avenue, Suite 305
Chicago, IL 60602
(312) 621-2000
*COURTESY COPY*

Lance A. Harke, P.A.
Sarah Clasby Engel, P.A.
HARKE & CLASBY LLP
155 South Miami Avenue, Suite 600
Miami, FL 33130
(305) 536-8220
*COURTESY COPY*

    s/Rachael M. Trummel