**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PAMELA STELLA, individually and on behalf of all others similarly situated, : : Plaintiff, : -against- : LVMH PERFUMES AND COSMETICS USA INC., a New York Corporation, : : Defendant. : | *07 CV 6509* **HON. ELAINE E. BUCKLO** **MAGISTRATE JUDGE ARLANDER KEYS** **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
IN DEFENDANT LVMH PERFUMES AND COSMETICS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff, Pamela Stella ("Plaintiff"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 12(f), hereby submits Plaintiff's Motion to Strike Affirmative Defenses in Defendant LVMH Perfumes and Cosmetics, Inc.'s Answer and Affirmative Defenses to Plaintiff's Class Action Complaint ("LVMH's Answer"), and states as follows:

**ARGUMENT**

LVMH's Answer alleges eighteen (18) separate affirmative defenses in response to the claims alleged by Plaintiff in her Class Action Complaint ("Complaint"). For every affirmative defense, LVMH asserts nothing more than bare bones, conclusory statements, with no factual support or detail to illustrate how such defenses apply to Plaintiff's claims. "[T]he court may order stricken from any pleading any insufficient affirmative defense." Fed. R. Civ. P. 12(f). The mere recitation of a legal theory without any indication of how it relates to the case is

insufficient for an affirmative defense to withstand a motion to strike.[1] *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000); *see also Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294–95 (7th Cir. 1989) (striking affirmative defenses for failure to include a short and plain statement of facts). As illustrated below, Defendant has "failed to provide a factual basis for" any of its affirmative defenses. *PaineWebber Inc. v. Int'l Mobile Machs. Corp.*, 1992 WL 75068, *2 (S.D.N.Y. 1992) ("While an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations.").[2]

An affirmative defense must set forth a "short and plain statement" of the basis for the defense. Fed. R. Civ. P. 8(a). While Federal Rule of Civil Procedure Rule 8 "requires only a short and plain statement of the facts in support of the affirmative defense alleged," LVMH's defenses "fall[] woefully short of even the liberal requirements of Rule 8." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). Further, affirmative defenses must meet the pleading standards set forth under Fed. R. Civ. P. 12(b)(6). *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1228 (N.D. Ill. 1996). Accordingly, if the affirmative defense, "when viewed in the light most favorable to the pleader . . . fails to state a claim upon which relief can be granted, the court must dismiss it." *Renalds*, 119 F. Supp. 2d at 802.

This district follows a three-part test when reviewing the sufficiency of affirmative defenses: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and

---

[1] And while "[c]ourts generally disfavor motions to strike affirmative defenses because they potentially serve only to cause delay . . . courts should strike affirmative defenses where they are mistitled, or redundant . . . or where they create unnecessary clutter." *Id.* These circumstances are clearly present here.

[2] All unpublished cases cited herein have been attached hereto as Group Exhibit A.

(3) the matter must withstand a Rule 12(b)(6) challenge." *Yash Raj Films (USA) Inc. v. Atlantic Video*, 2004 WL 1200184, *2 (N.D. Ill. 2004) (citation omitted).  These elements have not been met for each of the affirmative defenses detailed below.

For these reasons, and those specifically outlined below, LVMH's affirmative defenses should be stricken.

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff moves to strike the First Affirmative Defense set forth in LVMH's Answer, which alleges that the Court does not have subject matter jurisdiction because Plaintiff lacks injury-in-fact.  LVMH has not articulated why Plaintiff lacks injury-in-fact.  Moreover, in denying the vast majority LVMH's motion to dismiss, the Court found that Plaintiff adequately alleged actual damages.  Memo. Op. and Order at 4 (Bucklo, J., July 8, 2008).   As a result, LVMH's First Affirmative Defense should be stricken.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff moves to strike the Second Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred by 815 ILCS 505/10b(6), because the ICFA does not apply to claims seeking damages for conduct that results in bodily injury.  LVMH has not articulated which of Plaintiff's claims are barred by this statutory section or why Plaintiff's claims for reimbursement of the purchase price of the concerned lipstick products and for the return of LVMH's unjustly retained profits from its sales of the concerned lipstick products are not proper.  As a result, LVMH's Second Affirmative Defense should be stricken.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff moves to strike the Third Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred by 815 ILCS 505/10b(1), because the transactions

at issue are specifically authorized by law. LVMH has not articulated which laws authorize the transactions at issue here, or how such unidentified laws bar Plaintiff's claims. As a result, LVMH's Third Affirmative Defense should be stricken.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff moves to strike the Fourth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred by the doctrine of federal preemption. LVMH has not articulated which laws preempt Plaintiff's claims, or how those laws are applicable here. Moreover, the Court already determined that such a defense is inapplicable in denying LVMH's motion to stay, which raised this same issue. *See* Minute Entry (Bucklo, J., Feb. 7, 2008). As a result, LVMH's Fourth Affirmative Defense should be stricken.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff moves to strike the Fifth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred by the doctrine of primary jurisdiction. LVMH has not articulated how the doctrine of primary jurisdiction is applicable her, or who it believes has the authority to adjudicate and/or determine Plaintiff's claims. Moreover, the Court already determined that such a defense is inapplicable here in denying LVMH's motion to stay, which raised these same issues. *See* Minute Entry (Bucklo, J., Feb. 7, 2008). As a result, LVMH's Fifth Affirmative Defense should be stricken.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff moves to strike the Sixth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred for lack of privity with LVMH. LVMH has not identified how Plaintiff is not in privity with it or which of Plaintiff's claims it believes require a showing of privity. Moreover, the Court already determined that Plaintiff is exempt from

Case 1:07-cv-06509    Document 68    Filed 08/27/2008    Page 5 of 11

establishing privity here. Memo. Op. and Order at 7 (Bucklo, J., July 8, 2008). As a result, LVMH's Sixth Affirmative Defense should be stricken.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff moves to strike the Seventh Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred based on the failure to mitigate damages. LVMH has not articulated what steps, if any, Plaintiff or any reasonable consumer could take to mitigate damages based on the purchase of a product containing lead that the consumer had no reason to know contained lead. Under no set of facts could LVMH prove that Plaintiff or any reasonable consumer could have mitigated their damages. As a result, LVMH's Seventh Affirmative Defense should be stricken

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff moves to strike the Eighth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred by the applicable statutes of limitations. LVMH "fails to state the statute of limitations period relied on or any other information regarding how the statute of limitations bars" Plaintiff's claims. *Yash Raj Films (USA) Inc. v. Atlantic Video*, 2004 WL 1200184, *2 (N.D. Ill. 2004). Moreover, Plaintiff purchased the concerned lipstick a few months prior to filing her Complaint. Complaint at ¶11. As a result, LVMH's Eighth Affirmative Defense should be stricken.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff moves to strike the Ninth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred because any injury suffered by Plaintiff or any member of the Class was actually or proximately caused by misuse or unintended use of the product. LVMH has not articulated how said injuries were caused by any alleged misuse or

5

unintended use, what the misuse or unintended use was, or what the alleged misuse or unintended use could be for a product that is applied to one's lips. As a result, LVMH's Ninth Affirmative Defense should be stricken.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff moves to strike the Tenth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred because her claimed damages are subject to an offset by any amount paid as a result of insurance or health benefits plan. LVMH has not articulated what damages, if any, qualify for insurance or health benefit coverage, or how Plaintiff would be barred from collecting such damages from even if they did so qualify. As a result, LVMH's Tenth Affirmative Defense should be stricken.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff moves to strike the Eleventh Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred because any damages sustained were caused by a preexisting or unrelated medical condition, disease, or illness. This is a defense that "need not be plead to be proved." *Yash Raj Films (USA) Inc. v. Atlantic Video*, 2004 WL 1200184, *2 (N.D. Ill. 2004). "[A]pportionment of fault[] is a denial and claim that others are responsible. Matters that are clearly not affirmative defenses should be stricken." *Id.* Moreover, LVMH fails to state what preexisting or unrelated medical condition, disease, or illness existed to factually support this defense. As a result, LVMH's Eleventh Affirmative Defense should be stricken.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff moves to strike the Twelfth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred because any damages sustained were caused by lead exposure from other sources. This is a defense that "need not be plead to be proved." *Yash*

*Raj Films (USA) Inc. v. Atlantic Video*, 2004 WL 1200184, *2 (N.D. Ill. 2004). "[A]pportionment of fault[] is a denial and claim that others are responsible. Matters that are clearly not affirmative defenses should be stricken." *Id.* As a result, LVMH's Twelfth Affirmative Defense should be stricken.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff moves to strike the Thirteenth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred because it acted in good faith and gave adequate warnings of all known risks associated with the concerned lipstick products. LVMH provides no legal authority for this defense and fails to articulate how such conduct bars Plaintiff's claims. Moreover, good faith is not an applicable defense in a case such as this. *See Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 804 (N.D. Ill. 2000). In any event, LVMH "has already put these matters in issue by denying certain allegations in its answer, and [LVMH] not only need not but cannot raise these matters again via an affirmative defense." *Id.* As a result, LVMH's Thirteenth Affirmative Defense should be stricken.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff moves to strike the Fourteenth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred because she failed to provide LVMH with notice and opportunity to cure. LVMH has failed to articulate which of Plaintiff's claims require notice and an opportunity to cure. Moreover, the Court has already held that Plaintiff has sufficiently alleged that LVMH had actual knowledge of the presence of lead in the concerned lipstick products, which excepts Plaintiff from the notice requirement. Memo. Op. and Order at 6 (Bucklo, J., July 8, 2008). As a result, LVMH's Fourteenth Affirmative Defense should be stricken.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Plaintiff moves to strike the Fifteenth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States, because the concerned lipstick products are regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* ("FDCA"), and Plaintiff's claims conflict with the FDCA.  LVMH has failed to articulate which portions or sections of these authorities it believes bar Plaintiff's claims, or how said portions or sections bar Plaintiff's claims.  Moreover, the Court has already held that such defenses are inapplicable here in denying LVMH's motion to stay, which raised these same issues.  *See* Minute Entry (Bucklo, J., Feb. 7, 2008).  As a result, LVMH's Fifteenth Affirmative Defense should be stricken.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Plaintiff moves to strike the Sixteenth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims are barred by the deference that common law gives to discretionary actions by the FDA under the FDCA.  LVMH has failed to articulate any basis, legal or factual, for this position, or how Plaintiff's claims are barred by it.  Moreover, this proposition is contrary to the law.  *See, e.g.*, *Fellner v. Tri-Union Seafoods, L.L.C.*, 2008 WL 3842925, *9 (3d Cir. Feb. 12, 2008) (holding that deference is only given where the authority's reasoning relied upon is persuasive).  As a result, LVMH's Sixteenth Affirmative Defense should be stricken.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Plaintiff moves to strike the Seventeenth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims for punitive damages are barred by various

provisions of the U.S. Constitution and other state constitutions. LVMH has not articulated how these constitutional provisions bar Plaintiff's claims for punitive damages; its defense here is nothing more than a conclusory allegation. As a result, LVMH's Seventeenth Affirmative Defense should be stricken.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff moves to strike the Eighteenth Affirmative Defense set forth in LVMH's Answer, which alleges that Plaintiff's claims for punitive damages are barred because its conduct was not malicious, willful, or reckless. LVMH has failed to articulate which claims require LVMH's conduct to be malicious, willful, or reckless as a prerequisite to punitive damages, how such a showing would bar punitive damages, or how its conduct was not malicious, willful, or reckless. As a result, LVMH's Eighteenth Affirmative Defense should be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiff, Pamela Stella, respectfully requests that the Court grant Plaintiff's Motion to Strike Affirmative Defenses in Defendant LVMH Perfumes and Cosmetics, Inc.'s Answer and Affirmative Defenses to Plaintiff's Class Action Complaint, and grant such other relief as the Court deems appropriate.

>
> Pamela Stella, individually and on behalf
> of all others similarly situated,
>
> By:   /s/  Ben Barnow_____
>     Ben Barnow
>     Sharon Harris
>     Erich Schork
>     Barnow and Associates, P.C.
>     One North LaSalle Street, Suite 4600
>     Chicago, IL 60602
>     Telephone: (312) 621-2000
>     Facsimile: (312) 641-5504
>
>     *Attorneys for Plaintiff*

9

Kevin Rogers
Law Offices of Kevin Rogers
307 N. Michigan Avenue, Suite 305
Chicago, IL   60601
Telephone: (312) 332-1188
Facsimile: (312) 332-0192

Aron D. Robinson
The Law Office of Aron D. Robinson
19 S. LaSalle Street, Suite 1300
Chicago, IL 60603
Telephone: (312) 857-9050
Facsimile: (312) 857-9054

*Of Counsel:*

Lance A. Harke, P.A.
Sarah Clasby Engel, P.A.
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

**Certificate of Service By Electronic Means**

   I, Ben Barnow, one of the attorneys for Plaintiff, hereby certify that Plaintiff's Motion to Strike Affirmative Defenses in Defendant LVMH Perfumes and Cosmetics, Inc.'s Answer and Affirmative Defenses to Plaintiff's Class Action Complaint was caused to be served electronically this 27th day of August, 2008, pursuant to ECF as to Filing users and I shall comply with LR 5.5 as to any party who is not a filing user or represented by a filing user.

<u>/s/ Ben Barnow</u>