**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

PAMELA STELLA, individually and      :
on behalf of all others similarly situated,

     :

          Plaintiff,

     :   07 CV 6509

       -against-

     :   **HON. ELAINE E. BUCKLO**
         **MAGISTRATE JUDGE ARLANDER KEYS**
LVMH PERFUMES AND COSMETICS USA
INC., a New York Corporation,      :

          Defendant.      :   **JURY TRIAL DEMANDED**

## PLAINTIFF'S MOTION TO COMPEL PURSUANT TO FED. R. CIV. P. RULE 37(a)

NOW COMES plaintiff, Pamela Stella ("Plaintiff"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. Rule 37(a), hereby seeks entry of an order compelling defendant LVMH Perfumes and Cosmetics USA Inc. ("LVMH"), to respond to various matters contained in Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents, and states as follows:

1. "Discovery is a search for the truth." *Shapo v. Engle*, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001). "In ruling on motions to compel discovery, 'courts have consistently adopted a liberal interpretation of the discovery rules.'" *Id.* (citing *Meyer v. Southern Pacific Lines,* 2001 WL 293999 (N.D. Ill. Mar. 26, 2001)).

2. Under Fed. R. Civ. P. 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery, or to the claim or defense of any other party." Discovery requests "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *AM Intern., Inc. v. Eastman*

*Kodak Co.*, 100 F.R.D. 255, 257 (N.D. Ill. 1981) (citing 8 Wright & Miller, Federal Practice and Procedure, Civil § 2008 (1970)). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Rubin v. Islamic Republic of Iran*, 2008 WL 192321, at *4 (N.D. Ill. 2008). Thus, LVMH should produce any information or materials that might be relevant to the subject matter of the action. *In re Aircrash Disaster Near Roselawn Indiana*, 172 F.R.D. 295, 303 (N.D. Ill. 1997).

3.      On November 10, 2008, LVMH responded to Plaintiff's outstanding discovery requests, which included Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents. LVMH's responses are attached hereto as Exhibits 1 and 2, respectively.

4.      LVMH has represented in its responses to Plaintiff's requests for documents that it has few, if any, documents relevant to this matter in its possession. In fact in response to 22 separate requests to produce, LVMH has produced a grand total of 20 documents. LVMH claims that its subsidiary, Christian Dior Perfumes, LLC, and the manufacturer, Parfums Christian Dior SA, are in possession of the vast majority of relevant documents Plaintiff has requested; LVMH's responses to Plaintiff's interrogatories echo this position.

5.      In Plaintiff's definition of "LVMH" in her discovery requests, LVMH was specifically defined to include its subsidiaries and affiliates; LVMH, however, objected to said definition, in addition to countless other objections, and accordingly tailored its responses to exclude such entities. Plaintiff views LVMH's responses in this regard as obstructionist.

6.      On December 8, 2008, LVMH produced 20 pages responsive to Request No. 15, comprised of a photocopy of each side of the box for Dior Addict Positive Red lipstick and of the lipstick itself. These 20 pages are the only responsive documents that LVMH has produced to date.

7. As a result of LVMH's discovery responses, and pursuant to Local Rule 37.2, on December 12, 2008, between approximately 9:30 a.m. and Noon, the parties held a meet and confer at the offices of Barack Ferrazzano Kirschbaum & Nagelberg LLP, 200 West Madison Street, Suite 3900, Chicago, Illinois 60606, to discuss LVMH's outstanding discovery obligations in a good faith attempt to resolve the matter. Those individuals present for the meet and confer included Robert E. Shapiro and Rachael M. Trummel, counsel for LVMH, and Sharon Harris and Aron Robinson, counsel for Plaintiff.

8. At the meet and confer Plaintiff orally amended some of their requests and clarified others so that Defendant would be better able to respond.

9. As a further follow-up to the meet and confer, on December 31, 2008, counsel for Plaintiff sent a letter to counsel for Defendant in an effort to resolve the dispute. *See* Exhibit 3, attached hereto. As of this filing, LVMH has not responded to the letter, nor produced any additional documents responsive to Plaintiff's requests.

10. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). LVMH's responses to Plaintiff's discovery requests are both evasive and incomplete, as mentioned above and explained in more detail below, and, in Plaintiff's view, have not been made in good faith.

11. Out of twenty-two requests for production propounded by Plaintiff, LVMH only produced documents responsive to one. As stated above, LVMH has only produced 20 pages in response to Request No. 15, comprised of a photocopy of each side of the box for Dior Addict Positive Red lipstick and of the lipstick itself. For many of Plaintiff's requests to produce, LVMH represented that it does not have any documents in its possession, and has indicated that its

subsidiary, Christian Dior Perfumes, LLC, and the manufacturer, Parfums Christian Dior SA, are in possession of the vast majority of relevant documents Plaintiff has requested.

12. As a result, LVMH did not produce, *inter alia*, any documents regarding toxicology testing or company standards for lead levels for the Concerned Lipstick Products. Thus, without any such documents from Defendant, Plaintiff would be prejudiced were she required to designate an appropriate expert(s) and provide an expert report(s) at this time. Therefore, Plaintiff has simultaneously filed a Motion for Modification of the Existing Schedule, as her Rule 26(a)(2) disclosures are presently due on January 20, 2009.

13. Plaintiff is entitled to responsive documents in the possession of the manufacturer, Parfums Christian Dior SA, and/or the present distributor, Christian Dior Perfumes, LLC, as Plaintiff's counsel believe that Defendant has the requisite control over these documents. It is "well-settled that a party need not have actual possession of the documents to be deemed in control of them," rather, the "test *is* whether the party has a legal right to obtain them." *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977). Given the relationship of the parties and the fact that LVMH is a wholly owned subsidiary, Plaintiff's counsel believe that the "right to obtain" standard is met. *In re Uranium Antitrust Litig.,* 480 F. Supp. 1138 (N.D. Ill. 1979)*; see also Dietrich v. Bauer*, 2000 U.S. Dist. LEXIS 11729 (S.D.N.Y. 2000)*.* Significantly, Bernard Arnault is the Chairman of both LVMH (the overall parent company) and Christian Dior.

14. Defendant should not be allowed to use corporate organizational structure to circumvent the timely production of relevant evidence in this action. Through the forest of these corporate structures, one thing is clear: LVMH (Parent) controls all of the relevant companies and reports all of their earnings in a consolidated financial statement. *See, e.g.,* LVMH.com.

15.     This Court has the power to order a person subject to its jurisdiction to perform an act in another state or country as long as the person has control over the documents. *In re Uranium Antitrust Litig.,* 480 F. Supp. at 1144, *citing Restatement, Second, Conflict of Laws, § 53* (1971).

16.     These principles apply to obtain documents in foreign countries in matters involving American parent corporations and foreign subsidiaries, as well as foreign parents and American subsidiaries. *In re Uranium Antitrust Litig.,* 480 F. Supp. at 1144-48, *Dexia Credit Local v. Rogan,* 231 F.R.D. 268, (N.D. Ill. 2004).

17.     On the issue of control, it is "well-settled that a party need not have actual possession of the documents to be deemed in control of them;" rather, the "test *is* whether the party has a legal right to obtain them." *In re Folding Carton Antitrust Litigation, 76 F.R.D. at 423.*

18.     One of the factors used in deciding the control issue was set forth in *In re Uranium Antitrust Litig.,* 480 F. Supp. at 1144-45, quoting In *Re Investigation of World Arrangements,* 13 F.R.D. 280, 285 (D.D.C.1952):

> [I]f a corporation has power, either directly or indirectly, through another corporation   or series of corporations, to elect a majority of the directors of another corporation, such corporation may be deemed a parent corporation and in control of the corporation whose directors it has the power to elect to office.

19.     Because the Defendant here is a wholly controlled subsidiary of LVMH (Parent), as are the other companies Parfums Christian Dior SA, and/or the parent of the present distributor, Christian Dior Perfumes, LLC, there is sufficient control to order the production of documents and information. Mr. Arnault is the Chairman of subsidiaries as well as the Parent. Other directors also serve on the Boards of multiple corporate entities. For example, Pierre Gode and Antoine Bernheim are on the Boards of Directors of both LVMH (Parent) and Christian Dior.

20.     In fact Mr. Arnault in his Chairman's message in July of 2008 stated in part:

Within a truly global luxury market, the performance over the first half of 2008 demonstrates the exceptional appeal of the LVMH group brands, the effectiveness of its development strategy and above all, the talent and responsiveness of its teams. These core assets allow the group to approach the second half of the year with confidence.

…

The power of our brands is certainly a key factor in this outstanding performance. Confirming its unrivalled position as the world's leading luxury brand, Louis Vuitton once again reinforced its exceptional image and gained market share. Parfums Christian Dior continued to progress in all regions of the world and achieve higher levels of profitability. Hennessy recorded further successes with its premium quality ranges. TAG Heuer confirmed the success of its strategy of up-market positioning and made a decisive contribution to the strong increase in profitability of Watches and Jewelry. Sephora continues to deliver exceptional momentum in Europe and the United States, and is rapidly establishing itself in more recently developed markets. Elsewhere, while our star brands are achieving strong performances, several of those that follow in their footsteps are confirming their potential: Donna Karan, Marc Jacobs, Ruinart, Glenmorangie, Guerlain, Benefit … these brands are achieving remarkable progress as a result of the excellent work carried on by our teams to optimise their growth model.

…

See http://www.lvmh.com (Chairman's Message). It is clear that all of the "brands" operate under a uniform corporate structure.

21.	Plaintiff seeks an order finding that LVMH has the requisite control of documents in the possession of the manufacturer, Parfums Christian Dior SA, and/or the present distributor, Christian Dior Perfumes, LLC, and that LVMH must produce any such documents responsive to Plaintiff's document requests.[1]

22.	Defendant should be ordered to re-respond to all of Plaintiff's discovery with information within its control.

23.	Aside from the control issue, Requests for Production Nos. 18-21, as well as Interrogatories Nos.16-19, seek retail/consumer sales/distribution documents and information

---

[1] In an effort to resolve the discovery dispute, Plaintiff's counsel offered to limit the discovery requests for toxicity standards and safety standards to those for lead only. Exhibit 3.

regarding the Concerned Lipstick Products and Dior Addict Positive Red ("DAPR"). In light of Defendant's objection that it does not sell at retail, it was agreed at the meet and confer to modify said discovery requests to information and documents that evidence the number of products sold/distributed by Defendant. *See* Exhibit 3.[2] As of this filing, Defendant has not provided any documents, nor information, responsive to said production requests and interrogatories.

24. And further, to the extent that Defendant limited its response to Request for Production Nos. 14, 15, and 17 by using the definition of "ingredient" as used in the Food, Drug, and Cosmetic Act, Defendant should be ordered to further respond because the word was not used with that limitation and, in fact, the word "ingredient" is not used; the word "contain" is the one used.

25. As an additional ground for refusing to respond to the discovery, Defendant objected on the ground that there was no class certified and therefore much of the information, such as total sales information and damage related information, was premature and "irrelevant."

26. This contention lacks merit. First, there has been no bifurcation of discovery here, nor has Defendant sought any. Second, much of the information is relevant to a determination of the size of the class. Finally, based on Plaintiff's Complaint there is a possibility for punitive damages. This information is relevant to that determination regardless of the class allegations. No doubt, these requests are certainly within the realm of relevance and Defendant should be compelled to produce this information.

---

[2] As set forth in Plaintiff's letter (Exhibit 3), this information is relevant to, *inter alia*, the numerosity issue for class certification and to calculations related to damages. As there is no order limiting discovery to the merits, Plaintiff is obligated to propound class discovery, including damages, at this time, and Defendant must properly comply with these discovery requests.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion to Compel Pursuant to Fed. R. Civ. P. Rule 37(a), and grant such other relief as the Court deems just and appropriate.

Dated: January 16, 2009                Pamela Stella, individually and on behalf
of all others similarly situated,


By:  /s/  Ben Barnow_____
     Ben Barnow
     Sharon Harris
     Erich Schork
     Barnow and Associates, P.C.
     One North LaSalle Street, Suite 4600
     Chicago, IL 60602
     Telephone: (312) 621-2000
     Facsimile: (312) 641-5504

     *Attorneys for Plaintiff*

Kevin Rogers
Law Offices of Kevin Rogers
307 N. Michigan Avenue, Suite 305
Chicago, IL   60601
Telephone: (312) 332-1188
Facsimile: (312) 332-0192

Aron D. Robinson
The Law Office of Aron D. Robinson
19 S. LaSalle Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 857-9050
Facsimile: (312) 857-9054

-9-

*Of Counsel:*

Lance A. Harke, P.A.
Sarah Clasby Engel, P.A.
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA STELLA, individually and on behalf of all others similarly situated, | : | |
| | : | |
| Plaintiff, | | |
| | : | 07 CV 6509 |
| -against- | | |
| | : | **HON. ELAINE E. BUCKLO** |
| LVMH PERFUMES AND COSMETICS USA INC., a New York Corporation, | | **MAGISTRATE JUDGE ARLANDER KEYS** |
| | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## <u>CERTIFICATION</u>

I, Ben Barnow, hereby certify that counsel for Plaintiff has in good faith conferred with counsel for LVMH with respect to its failure to adequately meet its discovery obligations, in an effort to obtain said discovery without Court action.

s/ Ben Barnow

## Certificate of Service By Electronic Means

I, Ben Barnow, hereby certify that Plaintiff's Motion to Compel Pursuant to Fed. R. Civ. P. Rule 37(a) was caused to be served electronically this 16th day of January, 2009, pursuant to ECF as to Filing users and I shall comply with LR 5.5 as to any party who is not a filing user or represented by a filing user.

/s/_Ben Barnow_____

## INDEX OF EXHIBITS

LVMH response to Plaintiff's First Set of Interrogatories      Exhibit 1

LVMH response to Plaintiff's First Set of Requests
for Production of Documents      Exhibit 2

Plaintiff's counsel's letter to LVMH's counsel      Exhibit 3

Unpublished cases      Exhibit 4