**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Pamela Stella,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-CV-6509 |
| | ) | |
| v. | ) | Hon. Judge Elaine E. Bucklo |
| | ) | |
| **LVMH Perfumes and Cosmetics USA, Inc.** | ) | Mag. Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff's motion to compel [88] defendant LVMH Perfumes and Cosmetics USA Inc. ("LVMH") to provide complete responses to plaintiff's discovery requests. For the reasons stated below, plaintiff's motion is denied.

**Background**

Plaintiff filed this case on behalf of all persons who purchased lipstick "manufactured, marketed and/or distributed" by LVMH containing lead. The district court has not certified a class, nor has plaintiff request class certification. LVMH contends that it has never manufactured any lipstick, including the lipstick at issue. LVMH avers that it acted as the distributor of the lipstick in the United States from October 2001 to April 2003. Since April 2003, LVMH has operated as a holding company for Christian Dior LLC ("Dior LLC"), the current distributor of the lipstick. LVMH contends that the lipstick is manufactured by its French parent company, Parfumes Christian Dior SA ("Dior SA").

LVMH served its response to plaintiff's first set of interrogatories, requests to

admit and requests for production of documents on November 10, 2008. Plaintiff states that in response to her 22 separate document requests, LVMH produced a total of 20 documents. Plaintiff claims defendant's response is insufficient, and seeks an order compelling LVMH to produce responsive materials in its custody and control. LVMH objects to plaintiff's efforts to compel additional discovery on the grounds that the requested materials are in the possession of its "affiliated corporations abroad." LVMH further argues that plaintiff's motion is improper because the parties did not complete their efforts to resolve this matter without court intervention, as is required by Local Rule 37.2.

**Discussion**

Pursuant to Local Rule 37.2, the court will not hear a discovery motion unless the parties have made "good faith attempts to resolve differences" through "consultation in person or by telephone." After reviewing the parties' statements regarding their meet and confer process, this Court agrees with LVMH's characterization of plaintiff's motion as premature and potentially unnecessary.

Plaintiff's discovery requests are not limited to specific corporate entities, but rather seek discovery from all of LVMH's "subsidiaries and affiliates." LVMH states that it advised plaintiff that it "has never manufactured any lipstick, including the lipstick at issue" almost a year ago, and also advised plaintiff that it "never made any retail sales of the product." Consistent with these statements, plaintiff reasonably concludes that documents relating to the manufacture and/or sale of the lipstick are in the possession of Dior SA, and may be in the possession of Dior LLC or other unidentified LVMH affiliates. However, it appears that plaintiff made no effort to discover the relationship

between LVMH and the aforementioned entities before filing this motion.  In her reply, plaintiff proposes to "offer a written sur-reply" setting forth testimony regarding the "officerships and directorships of the companies at issue" which plaintiff intends to discover through the noticed deposition of Bertrand Tefra, a senior vice president at LVMH and Dior LLC.  In the interest of judicial economy, plaintiff should have taken Mr. Tefra's deposition and issued discovery requests designed to solicit information regarding the specific entities at issue before filing her motion.

The incomplete meet and confer process is further evidenced by the manner in which the parties' discovery dispute changed subsequent to the filing of plaintiff's motion.  This is demonstrated by the statements and concessions set forth in plaintiff's reply [106] and defendant's sur-reply [114].  Consistent with the provisions of Local Rule 37.2, this Court should refuse to hear plaintiff's motion.  However, it is apparent that the parties are unable to resolve this dispute.  To avoid further briefing, we will reach the merits of plaintiff's motion.  The parties are advised that any future discovery motions filed without a thorough and complete meet and confer process will be denied.

A party may seek discovery of any document "in the responding party's possession, custody, or control," that is within the scope of Fed. R. Civ. P. 26(b).  Fed. R. Civ. P. 34(a).  The party that seeks to compel discovery "has the burden of establishing that the non-movant has control of the requested documents."  *Sparks Tune-Up Ctrs., Inc. v. Panchevre*, 1991 U.S. Dist. LEXIS 7441, *6 (N.D. Ill. June 3, 1991).

Plaintiff moves to compel LVMH to produce documents in the custody or control of Dior SA, Dior LLC, "LVMH (Parent)," and various other unidentified LVMH

"subsidiaries and affiliates." Plaintiff argues that LVMH has the legal right to obtain these documents "[g]iven the relationship of the parties and the fact that LVMH is a wholly owned subsidiary." Plaintiff does not provide this Court with sufficient information to discern the relationship between LVMH and the various entities. Plaintiff also does not identify the "LVMH (Parent)." Plaintiff merely alleges that LVMH, Dior SA and Dior LLC are all wholly controlled subsidiaries of "LVMH (Parent)." In response, LVMH states that it is the wholly-owned subsidiary of Dior SA, its foreign parent, and currently operates as a holding company for Dior LLC. LVMH further states that "to the extent the requested documents exist, they are in the exclusive possession of the manufacturer of the lipstick, [Dior SA], the French parent of LVMH."

To determine whether a domestic corporation must produce documents in the possession of a foreign parent or affiliate, "courts have focused on whether the U.S. corporation has the requisite degree of control over the documents sought." *Flavel v. Svedala Indus.*, 1993 U.S. Dist. LEXIS 18730, * 11 (E.D. Wis. Dec. 13, 1993) (citing *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129 (D. Del. 1986)). The degree of control is determined by the "closeness of the relationship between the entities." *Id.* (citing *Johnson v. Cloos Int'l, Inc.*, 1990 U.S. Dist. LEXIS 8563, *1 (N.D. Ill. July 10, 1990)). A sufficiently close corporate relationship, or "close coordination," in which the subsidiary has the power to produce documents held by the parent may be evidenced by: (1) adequate ownership share in the subsidiary by the parent; (2) interlocking management structures; (3) sufficient control exercised by the foreign parent over the subsidiary's directors, officers, and employees; and (4) a connection to the transaction at issue. *See Flavel*, 1993 U.S. Dist. LEXIS 18730, * 13. A reviewing court may also

4

consider whether the subsidiary has possession of, or control over, the parent company's documents in the ordinary course of business. *See Wachovia Secs., LLC v. Loop Corp.*, 2008 U.S. Dist. LEXIS 49251, *4 (N.D. Ill. June 27, 2008) ("A party's control over documents in the possession of a corporate affiliate rests on a determination of whether the defendant has practical and actual managerial control over, or shares such control with, its affiliate, regardless of the formalities of corporate organization.") (quotations omitted).

Here, plaintiff has not met her burden to show a close coordination between LVMH and Dior SA, the entity identified as "LVMH (Parent)," or any other LVMH "affiliate." In her motion, plaintiff alleges that "[Bernard] Arnault is the Chairman of subsidiaries as well as the Parent" and that "[o]ther directors also serve on the Boards of multiple corporate entities." However, plaintiff does not identify the parent or subsidiary to which she refers. Plaintiff also neglects to identify any specific overlap in management between LVMH and Dior SA. *See Johnson*, 1990 U.S. Dist. LEXIS 8563, *4-5 (finding plaintiff established the close coordination necessary to compel information from foreign parent where plaintiff established an interlocking managerial scheme, including a shared president). In her reply, plaintiff admits that she merely "suggest[s] that there were common directors and officers on the boards of [LVMH] and its parent." Plaintiff's belief is not, in and of itself, enough to show the close coordination necessary to imply control over the desired discovery. *See id.*, 1990 U.S. Dist. LEXIS 8563, *5-6 (denying motion to compel materials from defendant's sister corporation where plaintiff offered only an affiant's "belief" regarding the corporate relationship).

Plaintiff also asks this Court to "presume" an overlap in management structure

due to LVMH's failure to deny that "the officers and directors of "LVMH, its parent, and its subsidiaries overlap" or state that it "cannot secure the necessary documents at issue." Plaintiff, not LVMH, has the burden of establishing LVMH's control over the documents at issue. *See Sparks,* 1991 U.S. Dist. LEXIS 7441, *6. Furthermore, this Court will not fault LVMH for declining to set forth the management structure of any related entities, especially in light of plaintiff's failure to properly identify the "LVMH (Parent)" from whom she seeks to compel documents.

At its heart, plaintiff's motion is based on the underlying assumption that "[t]hrough the forest of these corporate structures, one thing is clear: LVMH (Parent) controls all of the relevant companies." Even if true, LVMH's status as a wholly-owned subsidiary is not, by itself, an adequate basis for this Court to find a sufficiently close corporate relationship such that LVMH should be compelled to produce documents in the custody and control of its foreign parent, or any affiliate. Accordingly, plaintiff's request to compel is denied. Plaintiff is free to seek discovery directly from Dior SA, the entity identified as LVMH (Parent), and/or any other unidentified LVMH subsidiary or affiliate.

Plaintiff also asserts that LVMH improperly limited its response to certain document requests by relying on the definition of "ingredient" set forth in the Food Drug and Cosmetic Act. In her reply, plaintiff recites, without supporting citation, the definition of ingredient used by Oxford University Press. Plaintiff did not include this definition or otherwise define the word "ingredient" in her discovery requests. Accordingly, we cannot find that LVMH improperly relied on the FDA-defined term.

Finally, LVMH request that this Court stay discovery until the District Court rules

on its pending motion to reconsider [72] the denial of its motion to dismiss. That request is denied. LVMH's request for fees incurred in connection with plaintiff's motion is also denied.

**Conclusion**

For the reasons stated above, plaintiff's motion is denied.

                                                **ENTERED:**

                                                _____
                                                **MICHAEL T. MASON**
                                                **United States Magistrate Judge**

**DATED: March 23, 2009**